FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**DENVER DIVISION**

2024 OCT 2 PM 4: 06
JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

| | | |
|---|---|---|
| TEMETRIUS RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No: _____ |
| | § | |
| COUNTY OF ELLSWORTH, KANSAS, | § | |
| as a Non-Governmental Corporation, | § | |
| | § | |
| and | § | |
| | § | |
| CITY OF SODDY DAISY, TENNESSEE, | § | |
| as a Non-Governmental Corporation, | § | |
| | § | |
| and | § | |
| | § | |
| COUNTY OF RHEA, TENNESSEE, | § | |
| as a Non-Governmental Corporation, | § | |
| | § | |
| and | § | |
| | § | |
| CITY OF DAYTON, TENNESSEE | § | |
| as a Non-Governmental Corporation, | § | This suit is cognizable in Equity |
| | § | only. Equitable relief is |
| and | § | requested. Adequate remedy |
| | § | cannot be obtained at law. |
| COUNTY OF CHEROKEE, GEORGIA, | § | |
| as a Non-Governmental Corporation, | § | |
| | § | |
| Defendants. | § | |

**BILL IN EQUITY TO PREVENT A MULTIPLICITY OF SUITS**

1

COMES NOW, Plaintiff TEMETRIUS RICHARDSON by and through .richardson, :temetrius-deonte:, the heir, real owner, beneficiary and attorney-in-fact for Plaintiff, minor TEMETRIUS RICHARDSON, and respectfully submits this BILL IN EQUITY TO PREVENT A MULTIPLICITY OF SUITS and shows to this Court the following:

## I. Jurisdiction

**1.1**    This Court has diversity jurisdiction pursuant to Article III Section II. Paragraph I. of the Constitution of the United States of America (1787).

## II.  Demand for Speedy Trial

**2.1**    Plaintiff demands a speedy trial pursuant to the United States Constitution Amendment VI.

## III. Parties

**3.1**    TEMETRIUS RICHARDSON, hereafter "Plaintiff", is a U.S. person/minor account held by owner/beneficiary, attorney-in-fact, *sui juris*, .richardson, :temetrius-deonte:, a living man[1] of the age of majority and competent to bring this action for his commercial vessel, minor TEMETRIUS

---
[1] See Exhibit I: Affidavit of Publication for Birth Announcement

2

RICHARDSON. *Equity regards the beneficiary as the real owner.*

**3.2**    Defendant COUNTY OF ELLSWORTH, KANSAS, acting as a

corporator is a party defendant due to the actions of its following agents: Kansas

Highway Patrol Officer Christopher Farthing #390, Clerk of Court Kristy

Battershell, Judge Peggy Svaty, Prosecutor Paul J. Kasper and Judge Steve.

Defendant COUNTY OF ELLSWORTH, KANSAS, collectively includes its

agents named above.

**3.3**    Defendant CITY OF SODDY DAISY, TENNESSEE, acting as a

corporator is a party defendant due to the actions of its following agents: Police

Officer Micheal J. Krider #203, Officer David Kite #323, and Officer Faith Dabbs

#316. Defendant CITY OF SODDY DAISY, TENNESSEE, collectively includes

its agents named above.

**3.4**    Defendant RHEA COUNTY, TENNESSEE, acting as a corporator is a

party defendant due to the actions of its following agents: Prosecutor Cameron

Williams, Clerk of Court Jamie Holloway, and Sheriff's Deputy Solomon Badge#

1482. Defendant RHEA COUNTY, TENNESSEE, collectively includes its agents

named above.

**3.5**    Defendant CITY OF DAYTON, TENNESSEE, acting as a corporator

a party defendant due to the actions of its following agents: City of Dayton Police

Officer Joel Jones #223, Judge Jace Cochran, and Clerk of Court Jamie Holloway.

Defendant CITY OF DAYTON, TENNESSEE, collectively includes its agents

named above.

**3.6**    Defendant CHEROKEE COUNTY, GEORGIA, acting as a corporator

is a party defendant due to the actions of its following agents: CHEROKEE

COUNTY SHERIFF'S OFFICE, Sheriff Deputy Joshua Reece Badge#532, Deputy

Jason Lupo Badge# 753, Deputy Patrick Hansen Badge#886, Deputy Mathew T.

Verber Badge#597. Defendant CHEROKEE COUNTY, GEORGIA, collectively

includes its agents named above.

**3.7**    Plaintiff and the Defendants have a trust relationship— the Plaintiff is

the real owner and beneficiary and the Defendants are trustees. Each of the

Defendants' agents named above, took Oaths to the United States Constitution and

violated said Oaths by enforcing Legislative infringements, which are repugnant to

the United States Constitution.

## IV. STATEMENT OF FACTS - COUNTY OF ELLSWORTH, KANSAS

### Kansas Highway Patrol Officer Christopher  #390

**4.1**    On August 17, 2021, Kansas Highway Patrol Officer Christopher

Farthing violated his Oath to Support the U.S. Constitution by denying Plaintiff the

right to travel. **See Exhibits 7 and 8.**

**4.2**    Plaintiff stated to Kansas Highway Patrol Officer Christopher Farthing that Plaintiff was exercising his right to travel. **See Exhibits 7 and 8.**

**4.3**    Kansas Highway Patrol Officer Christopher Farthing #390 placed handcuffs on Plaintiff for exercising his right to travel. **See Exhibits 8 and 9. See dash cam video time marker 17:49.**

**4.4**    Pursuant to dash cam video from the Terry Stop, Plaintiff repeatedly expressed his intent to exercise his right to travel pursuant to Supreme Court ruling Shapiro v. Thompson. **See dash cam video time markers 04:08, 06:13, 24:12, and 25:45.**

**4.5**    Officer Christopher Farthing failed to read Plaintiff his Miranda rights before interrogating Plaintiff and restricting Plaintiff's freedom of movement on the side of the road. **See Exhibit 5.**

**4.6**    Officer Christopher Farthing issued Plaintiff Bill of Attainders disguised as UNIFORM NOTICE TO APPEAR AND COMPLAINT. **See Exhibits 0 and J.**

**4.7**    Officer Christopher Farthing charged Plaintiff with K.S.A. 8-1558 and K.S.A. 08-142(1), which are Constitutional encroachments and repugnant to the Kansas Constitution and United States Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8 and 9.**

**4.8**    Officer Christopher Farthing intentionally misclassified Plaintiff as Black/African American—Plaintiff is American Indian and White. **See Exhibit H and Exhibit S.**

## Clerk of Court Kristy Battershell

**4.9**    On July 3, 2023, Plaintiff assigned an instrument to Clerk of Court Kristy Battershell pursuant to 12 U.S. Code 95a(2) for full acquittance and discharge of all indebtedness. **See Exhibit N and Exhibit U.**

**4.10**    Plaintiff avers that Clerk of Court Kristy Battershell misappropriated funds and defrauded the United States in failing to discharge civil action 2021-TR-002490. **See Exhibit N.**

**4.11**    Plaintiff avers that Clerk of Court Kristy Battershell unlawfully misclassified civil action 2021-TR-002490 as a criminal action. **See Exhibit M.**

## Judge Peggy Svaty

**4.12**    Plaintiff avers that Judge Peggy Svaty acted in clear absence of all jurisdiction by failing to prevent neglect and failing to obey the Supreme Court Landmark Decision Shapiro v. Thompson, 394 U.S. 618 (1969). **See Exhibits 7 and 8.**

**4.13**   Plaintiff avers that Judge Peggy Svaty violated her Oath of Office by failing to safeguard Plaintiff's rights against Constitutional encroachments. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8 and 9.**

**4.14**   Plaintiff alleges that Judge Peggy Svaty and Patricia Svaty, one of the jurors in Plaintiff's trial in the District Court of Ellsworth, are close relatives. **See Exhibit T.**

### Prosecutor Paul J. Kasper

**4.14**   Prosecutor Paul J. Kasper acted in clear absence of all jurisdiction by charging Plaintiff with Kansas Statutes Annotated and failing to obey the Supreme Court Landmark Decision Shapiro v. Thompson, 394 U.S. 618 (1969).

**4.15**   Prosecutor Paul J. Kasper acted in clear absence of all jurisdiction by charging Plaintiff with Kansas Statutes Annotated (K.S.A.), which are repugnant to the Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8 and 9.**

**4.16**   Prosecutor Paul J. Kasper violated his Oath of Office by charging Plaintiff with legislative infringements Kansas Statutes Annotated (K.S.A.), which are not withstanding to the U.S. Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8 and 9.**

### Chief Judge Steve Johnson

**4.17**   Chief Judge Steve Johnson acted in clear absence of all jurisdiction by failing to obey the Supreme Court Landmark Decision Shapiro v. Thompson, 394 U.S. 618 (1969).  **See Exhibits 2, 3, 4 and 5.**

**4.18**   Chief Judge Steve Johnson violated his Oath of Office by failing to safeguard Plaintiff's rights against Constitutional encroachments.  **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8 and 9.**

### County of Ellsworth, Kansas

**4.19**   Plaintiff alleges that the Charter for the County of Ellsworth, Kansas, is unconstitutional in part. Plaintiff challenges the Charter for the County of Ellsworth, Kansas, in part. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8 and 9.**

**4.20**   Plaintiff alleges that the County of Ellsworth is using its Charter to violate Constitutional rights and to unlawfully commit overt acts against the people of these United States.  **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8 and 9.**

**4.21**   Plaintiff alleges that the County of Ellsworth, Kansas Highway Patrol Officer Christopher Farthing #390, Clerk of Court Kristy Battershell, Judge Peggy Svaty, Prosecutor Paul J. Kasper, and Judge Steve Johnson conspired against Plaintiff's rights under color of State law.  **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8 and 9.**

**4.22**   Plaintiff alleges that the County of Ellsworth used 31 CFR 363.10 and 31 CFR 363.27 to create a TreasuryDirect account in the name of the minor

TEMETRIUS RICHARDSON to embezzle securities from the minor account and

to deprive the Plaintiff of his right, title, and interest. **See Exhibits A, E, and F.**

    **4.23**   Plaintiff positively avers that the County of Ellsworth cannot promote

a compelling Governmental interest in civil action 2021-TR-002490.


## V. CHARGES AGAINST THE COUNTY OF ELLSWORTH, KANSAS

    The premises considered, Plaintiff charges Defendant COUNTY OF

ELLSWORTH, KANSAS, with the following:


**Claim 1: Plaintiff charges Defendant with Conspiracy against rights.** The

COUNTY OF ELLSWORTH, KANSAS, by and through its agents Kansas

Highway Patrol Officer Christopher Farthing #390, Clerk of Court Kristy

Battershell, Judge Peggy Svaty, Prosecutor Paul J. Kasper and Judge Steve

Johnson, has willfully, knowingly, unlawfully and with malicious intent violated

this section of the U.S. Code by depriving Plaintiff of his right to travel pursuant to

the Supreme Court Landmark Decision Shapiro v. Thompson, 394 U.S. 618

(1969).


**Claim 2: Plaintiff charges Defendant with Conspiracy to defraud the United

States.** The COUNTY OF ELLSWORTH, KANSAS, by and through its agents

Clerk of Court Kristy Battershell, Judge Peggy Svaty, Prosecutor Paul J. Kasper

and Judge Steve Johnson, willfully, knowingly, unlawfully and with malicious

intent violated this section of the U.S. Code by failing to obey 12 U.S. Code

95a(2). Plaintiff tendered an instrument in good faith, pursuant to 12 U.S. Code

95a(2) and the COUNTY OF ELLSWORTH, KANSAS, refused to release the lien

on Plaintiff's Driver's License. **See Exhibit U.**


**Claim 3: Plaintiff charges Defendant with Unjust Enrichment.** The COUNTY

OF ELLSWORTH, KANSAS, willfully, knowingly, unlawfully and with malicious

intent committed the act of unjust enrichment by creating a CUSIP[2] number for

civil action 2021-TR-002490 without making payments, credits, or distributions to

Plaintiff. Civil Action Account Number 2021-TR-002490 was sold without

recourse to undisclosed third-party purchasers for value. **See Exhibit A: CUSIP.**


**Claim 4: Plaintiff charges Defendant with Vexatious Litigation.** The COUNTY

OF ELLSWORTH, KANSAS, by and through its agents, Kansas Highway Patrol

Officer Christopher Farthing #390, Clerk of Court Kristy Battershell, Judge Peggy

Svaty, Prosecutor Paul J. Kasper, and Judge Steve Johnson, willfully, knowingly

---

[2] CUSIP number means a unique nine-digit alphanumeric code, which is used to identify
securities, such as stocks, bonds, mutual funds, exchange traded funds and other financial
instruments.

and unlawfully brought Vexatious litigation against Plaintiff using color of State

law, in violation of the Supreme Court's Landmark decision Shapiro v. Thompson,

394 U.S. 618 (1969).


**Claim 5: Racial Discrimination.** Defendant racially discriminated against

Plaintiff due to Plaintiff's swarthy skin complexion. Defendant's willful

misclassification of Plaintiff as Black is additional evidence of racial

discrimination.


**Claim 6: Violations of the Oaths of Office.**  Kansas Highway Patrol Officer

Christopher Farthing #390, Clerk of Court Kristy Battershell, Judge Peggy Svaty,

Prosecutor Paul J. Kasper and Judge Steve Johnson, acting under color of State

Law, violated their Oaths to the state Constitution and the U. S. Constitution by

failing to obey the Supreme Court Landmark Decisions.


## VI. Statement of Facts for 2/14/2023 - CITY OF SODDY DAISY, TENNESSEE

### Micheal J. Krider badge# 203


**6.1**    On February 14, 2023, Plaintiff was unlawfully arrested by Officer

Micheal J. Krider badge# 203, hereafter "Krider", and falsely imprisoned for

alleged violation of TENNESSEE CODE 55-50-504 DRIVING ON REVOKED, SUSPENDED OR CANCELLED LICENSE. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**6.2**    Krider, acting under color of State Law, approached Plaintiff's automobile and demanded a Driver's License from Plaintiff.

**6.3**    Plaintiff verbally stated to Krider that Plaintiff was not "driving", but intentionally exercising his constitutional "right to travel" pursuant to Shapiro v. Thompson, 394 U.S. 618 (1969). **See Exhibit 8.**

**6.4**    Krider and Officer David Kite #323, verbally threatened and harassed Plaintiff to get him to exit the automobile; Plaintiff complied for fear of his safety.

**6.5**    Plaintiff proceeded to verbally defend his rights pursuant to Supreme Court's landmark decision Shapiro v. Thompson, 394 U.S. 618 (1969). **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**6.6**    Krider, acting under color of State Law, unlawfully ignored Plaintiff's right to travel pursuant to Supreme Court's landmark decision Shapiro v. Thompson, 394 U.S. 618 (1969). **See Exhibit 8.**

**6.7**    Krider advised Plaintiff that he was performing a pat down for weapons; but instead, Krider performed an illegal search and seizure by putting his hand in Plaintiff's pocket and retrieving Plaintiff's wallet, which was not supported

by a warrant duly signed by a Judge. **See Exhibit 4.**

**6.8**    Krider, acting under color of State Law, violated his Oath to support the Constitution of the United States by enforcing legislative infringements that are repugnant to the Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**6.9**    Krider violated his Oath to support the Constitution of the United States by molesting and arresting Plaintiff without an arrest warrant which is failure to meet conditions precedents. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**6.10**    After Krider placed Plaintiff in custody, Krider, Officer Kite badge#323 and Officer Faith Dabbs badge #316, acting under color of State Law, immediately performed an unreasonable search and seizure on Plaintiff's automobile "searching for dope." **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**6.11**    Krider, Officer Kite badge#323 and Officer Faith Dabbs badge #316 violated the U.S. Constitution Amendment IV by committing an unreasonable search and seizure without a signed warrant specifically stating the places to be searched and person or things to be seized.

**6.12**    Plaintiff was unlawfully arrested under color of State Law identified as TENNESSEE CODE 55-50-504 DRIVING ON REVOKED, SUSPENDED OR CANCELLED LICENSE, which is contrary to the Constitution and not withstanding. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**6.13**    Plaintiff avers that Krider intentionally misclassified Plaintiff as Black/African American—Plaintiff is American Indian and White. **See Exhibit H and Exhibit S.**

### Officer David Kite #323

**6.14**    On February 14, 2023, Officer David Kite badge# 323, acting under color of State Law, violated Plaintiff's 4th Amendment right by performing an unreasonable search and seizure of Plaintiff's automobile.

**6.15**    Officer David Kite badge# 323 violated his Oath to support the Constitution of the United States by enforcing legislative infringements that are repugnant to the Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

### Officer Faith Dabbs #316

**6.16**    On February 14, 2023, Officer Faith Dabbs badge# 316, acting under color of State Law, violated Plaintiff's 4th Amendment right by performing an unreasonable search and seizure of Plaintiff's automobile and illegally confiscating an arm from the glove compartment.

**6.17**    Officer Faith Dabbs #316 acting under color of State Law, violated her Oath to support the Constitution of the United States by enforcing legislative

infringements that are repugnant to the Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

## City of Soddy Daisy, Tennessee

**6.18**  Plaintiff alleges that the Charter for the City of Soddy Daisy, Tennessee, is unconstitutional in part. Plaintiff challenges the Charter for the City of Soddy Daisy, Tennessee, in part.

**6.19**  Plaintiff alleges that the City of Soddy Daisy is using its Charter to violate Constitutional protected rights and to unlawfully commit crimes against the people under color of State law. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**6.20**  Plaintiff alleges that the City of Soddy Daisy, Police Officers Micheal J. Krider #203, David Kite #323, and Faith Dabbs #316 conspired against Plaintiff's rights under color of State law. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**6.21**  Plaintiff alleges that the City of Soddy Daisy used 31 CFR 363.10 and 31 CFR 363.27 to create an account in the name of the minor TEMETRIUS RICHARDSON to embezzle securities from the minor account and to deprive the Plaintiff his right, title, and interest. **See Exhibits B, D, E, and F.**

**6.22**  Plaintiff positively avers that the City of Soddy Daisy cannot promote a compelling Governmental interest in Civil Action 23-0000421.

## VII. CHARGES AGAINST CITY OF SODDY DAISY, TENNESSEE

The premises considered, Plaintiff charges Defendant **CITY OF SODDY DAISY,** with the following:

**Claim 1: Plaintiff charges Defendant with Conspiracy against rights.** The CITY OF SODDY DAISY, by and through its agents, Police Officer's Micheal J. Krider #203, David Kite #323, and Faith Dabbs #316, acting under color of State Law, willfully, knowingly, unlawfully and with malicious intent deprived Claimant of his right to travel pursuant to the Supreme Court Landmark Decision Shapiro v. Thompson, 394 U.S. 618 (1969).

**Claim 2: Plaintiff charges Defendant with Conspiracy to defraud the United States.** The CITY OF SODDY DAISY, by and through its agents, Police Officer's Micheal J. Krider #203, David Kite #323, and Faith Dabbs #316, acting under color of State Law, has willfully, knowingly, unlawfully and with malicious intent conspired to defraud the United States by failing to obey 50 U.S.C. 4305. **See Exhibit V.**

**Claim 3: Plaintiff charges Defendant with Unjust Enrichment.** The CITY OF

SODDY DAISY willfully, knowingly, unlawfully and with malicious intent committed the act of unjust enrichment by creating CUSIP numbers for Civil Action 23-0000421 and Police Arrest Number SD23020024A without making payments, credits, or distributions to Plaintiff. Civil Action Account Number 23-0000421 and Police Arrest Number SD23020024A were sold without recourse to undisclosed third-party purchasers for value. **See Exhibit A: CUSIP. See Exhibits B and D.**

**Claim 4: Plaintiff charges Defendant with Vexatious Litigation.** The CITY OF SODDY-DAISY, by and through its agents, Police Officers Micheal J. Krider #203, David Kite #323, and Faith Dabbs #316 acting under color of State Law, willfully, knowingly, and unlawfully brought Vexatious litigation against Plaintiff using color of State law, in violation of the U.S. Constitution and Shapiro v. Thompson, 394 U.S. 618 (1969).

**Claim 5: Plaintiff charges Defendant with Racial Discrimination.** Plaintiff was racially discriminated against by Police Officers Micheal J. Krider #203, David Kite #323, and Faith Dabbs #316, due to his swarthy skin complexion. Defendant's willful misclassification of Plaintiff as Black is additional evidence of

racial discrimination.

**Claim 6: Plaintiff charges Defendant with Violations of the Oath of Office.**

Police Officer's Micheal J. Krider #203, David Kite #323, and Faith Dabbs #316,

violated their Oaths by failing to obey Constitutional provisions and the Supreme

Court Landmark Decisions.

### VIII. Statement of Facts for 2/15/2023 - CITY OF SODDY DAISY, TENNESSEE

### Officer David Kite #323

**8.1**    On February 15, 2023, Plaintiff was unlawfully arrested under color of

State law by Officer David Kite badge# 323, hereafter "Kite", and falsely

imprisoned for alleged violation of TENNESSEE CODE 55-50-504 DRIVING ON

REVOKED, SUSPENDED OR CANCELLED LICENSE. **See Exhibits 0, 1, 2, 3,**

**4, 5, 7, 8, and 10.**

**8.2**    Plaintiff verbally stated to Kite that Plaintiff was not "driving", but

intentionally exercising his God-given "right to travel" pursuant to Shapiro v.

Thompson, 394 U.S. 618 (1969). **See Exhibit 8.**

**8.3**    Plaintiff avers that TENNESSEE CODE 55-50-504 DRIVING ON

REVOKED, SUSPENDED OR CANCELLED LICENSE is not in conformity

with the Supreme Court Justices' Decision Shapiro v. Thompson, 394 U.S. 618 (1969). **See Exhibits 8 and 10.**

**8.4**    Officer David Kite #323 violated procedural due process of law by arresting Plaintiff and having private property towed without an arrest warrant for the places to be searched and persons or things to be seized.

**8.5**    Officer David Kite #323 acting under color of State law, violated his Oath to support the Constitution of the United States by enforcing legislative infringements, which are repugnant to the Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**8.6**    Plaintiff avers that Officer David Kite #323 intentionally misclassified Plaintiff as Black/African American—Plaintiff is American Indian and White. **See Exhibit H and Exhibit S.**

### Officer Faith Dabbs #316

**8.7**    On February 15, 2023, Officer Faith Dabbs badge# 316, acting under color of State law, violated Plaintiff's 4th Amendment right by performing an unreasonable search and seizure of Plaintiff's automobile without a warrant.

**8.8**    Officer Faith Dabbs #316, acting under color of State law, violated her Oath to support the Constitution of the United States by enforcing legislative infringements that are repugnant to the Constitution. **See Exhibits 0, 1, 2, 3, 4, 5,**

**7, 8, and 10.**

## City of Soddy Daisy, Tennessee

**8.9**  Plaintiff alleges that the Charter for the City of Soddy Daisy, Tennessee, is unconstitutional in part. Plaintiff challenges the Charter for the City of Soddy Daisy, Tennessee, in part.

**8.10**  Plaintiff alleges that the City of Soddy Daisy is using its Charter to violate Constitutional protected rights and to unlawfully commit crimes against the people under color of State law. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**8.11**  Plaintiff alleges that the City of Soddy Daisy, Police Officers David Kite #323, and Faith Dabbs  #316 conspired against Plaintiff rights under color of State law. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**8.12**  Plaintiff alleges that the City of Soddy Daisy used 31 CFR 363.10 and 31 CFR 363.27 to create an account in the name of the minor TEMETRIUS RICHARDSON to embezzle securities from the minor account and to deprive the living man .richardson, :temetrius-deonte: of his rights and property interests. **See Exhibits E, F, and I.**

**8.13**  Plaintiff positively avers that City of Soddy Daisy, Tennessee, cannot promote a compelling Governmental interest in civil action 23-000433.

## IX. CHARGES AGAINST CITY OF SODDY DAISY, TENNESSEE

The premises considered, Plaintiff charges Defendant **CITY OF SODDY DAISY,** with the following:

**Claim 1: Plaintiff charges Defendant with Conspiracy against rights.** The CITY OF SODDY DAISY, by and through its agents, Police Officer's David Kite #323, and Faith Dabbs #316, acting under color of State law, willfully, knowingly, unlawfully and with malicious intent violated Plaintiff's 4th Amendment right by way of an unreasonable search and seizure and depriving Plaintiff of his right to travel pursuant to the Supreme Court Landmark Decision Shapiro v. Thompson, 394 U.S. 618 (1969).

**Claim 2: Plaintiff charges Defendant with Conspiracy to defraud the United States.** The CITY OF SODDY DAISY, by and through its agents, Clerk of Court Lena, acting under color of State law, willfully, knowingly, unlawfully and with malicious intent conspired to defraud the United States by failing to obey 50 U.S.C. 4305. **See Exhibit V.**

**Claim 3: Plaintiff charges Defendant with Vexatious Litigation.** The CITY OF
SODDY-DAISY, by and through its agents, Police Officer's David Kite #323, and
Faith Dabbs #316, acting under color of State law, has willfully, knowingly and
unlawfully brought Vexatious litigation against Plaintiff in violation of the U.S.
Constitution and Shapiro v. Thompson, 394 U.S. 618 (1969). **See Exhibits 0, 2, 3,
4, 5, 7, 8, and 10.**

**Claim 4: Plaintiff charges Defendant with Unjust Enrichment.** The CITY OF
SODDY DAISY willfully, knowingly, unlawfully and with malicious intent
committed the act of unjust enrichment by creating a CUSIP number for civil
action 23-000433 without making payments credits or distributions to Plaintiff. A
CUSIP number is a unique nine-digit alphanumeric code, which is used to identify
securities, such as stocks, bonds, mutual funds, exchange traded funds and other
financial instruments. Civil Action Account Number 23-000433 was sold without
recourse to undisclosed third-party purchasers for value. **See Exhibit C.**

**Claim 5: Plaintiff charges Defendant with Racial Discrimination.** Plaintiff was
racially discriminated against by Police Officer's David Kite #323, and Faith
Dabbs #316 based on his swarthy skin complexion. Defendant's willful

misclassification of Plaintiff as Black is additional evidence of racial

discrimination.

**Claim 6: Plaintiff charges Defendant with Violations of the Oath of Office.**

Police Officer's David Kite #323, and Faith Dabbs #316, acting under color of

State Law, violated their Oaths by failing to obey the United States Constitution

and Supreme Court Landmark Decisions.

### X. Statement of Facts - RHEA COUNTY, TENNESSEE

### Deputy Solomon Badge# 1482

    **10.1**   On June 27, 2023, Rhea County Sheriffs' Deputy Solomon Badge#

1482, hereafter "Deputy Solomon", acting under color of State law, pulled Plaintiff

over in his automobile while Plaintiff was exercising his right to travel pursuant to

Supreme Court landmark Decision, Shapiro v. Thompson, 394 U.S. 618 (1969).

**See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

    **10.2**   Deputy Solomon violated his Oath to support the Constitution by

enforcing bill of Attainders disguised as uniform traffic citations, which are

unconstitutional under the laws of these United States. **See Exhibits 0, 1, 2, 3, 4, 5,**

**7, 8, and 10.**

    **10.3**   Deputy Solomon acting under color of State law, violated Rodriguez

v. United States, as the Terry Stop was prolonged and lasted longer than necessary
to effectuate the purpose of the Terry Stop.

**10.4**    Plaintiff avers that Deputy Solomon intentionally misclassified
Plaintiff as Black/African American—Plaintiff is American Indian and White. **See
Exhibit H and Exhibit S.**

### Prosecutor Cameron Williams

**10.5**    Prosecutor Cameron Williams, acting under color of State law,
violated his Oath to support the Constitution by enforcing Tennessee Code
Annotated which is repugnant to Shapiro v. Thompson, 394 U.S. 618 (1969). **See
Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**10.6**    Prosecutor Cameron Williams, acting under color of State law,
violated his Oath to support the Constitution by bringing Vexatious Litigation
against Plaintiff which is contrary to Shapiro v. Thompson, 394 U.S. 618 (1969).
**See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**10.7**    Prosecutor Cameron Williams, acting under color of State law,
violated his Oath to support the Constitution by bringing forth Malicious
Prosecution which is contrary to Shapiro v. Thompson, 394 U.S. 618 (1969). **See
Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

### Clerk of Court Jamie Holloway

**10.8**   Plaintiff avers that Clerk of Court Jamie Holloway, acting under color of State law, unlawfully misclassified civil action 2023-CR-124 as a criminal action. **See Exhibit L.**

### Rhea County, Tennessee

**10.9**   Plaintiff alleges that the Charter for the County of Rhea, Tennessee, is unconstitutional in part. Plaintiff challenges the Charter for the County of Rhea, Tennessee, in part.

**10.10** Plaintiff alleges that the County of Rhea is using its Charter for the County of Rhea Law Enforcement Officers to violate Constitutional protected rights and to unlawfully commit overt acts against the people under color of State law. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**10.11** Plaintiff alleges that the County of Rhea, Sheriff's Deputy Solomon Badge# 1482, Prosecutor Cameron Williams, and Clerk of Court Jamie Holloway, conspired against Plaintiff rights under color of State law. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**10.12** Plaintiff alleges that the County of Rhea used 31 CFR 363.10 and 31

CFR 363.27 to create a TreasuryDirect account in the name of the minor

TEMETRIUS RICHARDSON to embezzle securities from the minor's account

and to deprive the living man .richardson, :temetrius-deonte: of his property

interests. **See Exhibits E, F and I.**

 **10.13**  Plaintiff positively avers that Rhea County cannot promote a

compelling Governmental interest in civil action 72GS1-2024-TR-282.


## XI. CHARGES AGAINST RHEA COUNTY, TENNESSEE

 The premises considered, Plaintiff charges Defendant **RHEA COUNTY,**

**TENNESSEE,** with the following:


**Claim 1: Plaintiff charges Defendant with violating Conspiracy against rights.**

RHEA COUNTY, by and through its agents, Deputy Solomon Badge# 1482, and

Prosecutor Cameron Williams, acting under color of State law, willfully,

knowingly, unlawfully and with malicious intent deprived Plaintiff of his right to

travel pursuant to the Supreme Court Landmark Decision Shapiro v. Thompson,

394 U.S. 618 (1969).


**Claim 2: Plaintiff charges Defendant with Malicious Prosecution.** RHEA

COUNTY, by and through its agents, Deputy Solomon Badge# 1482, and

Prosecutor Cameron Williams, acting under color of State law, willfully,

knowingly and unlawfully brought Malicious Prosecution against Plaintiff in

violation of Shapiro v. Thompson, 394 U.S. 618 (1969).


**Claim 3: Plaintiff charges Defendant with Unjust Enrichment.** RHEA

COUNTY has willfully, knowingly, unlawfully and with malicious intent

committed the act of unjust enrichment by creating a CUSIP number for Case

Number 2023-CR-124, without making payments credits or distributions to

Plaintiff. A CUSIP number is a unique nine-digit alphanumeric code, which is used

to identify securities, such as stocks, bonds, mutual funds, exchange traded funds

and other financial instruments. Civil Action Account Number 2023-CR-124 was

sold without recourse to undisclosed third-party purchasers for value **See Exhibit**

**P.**


**Claim 4: Racial Discrimination.** Plaintiff was racially discriminated against by

Deputy Solomon Badge# 1482, and Prosecutor Cameron Williams due to his

swarthy skin complexion. Defendant's willful misclassification of Plaintiff as

Black is additional evidence of racial discrimination.

**Claim 6: Violations of the Oath of Office.** Deputy Solomon Badge# 1482, and

Prosecutor Cameron Williams, acting under color of State Law, violated their

Oaths by failing to obey the United States Constitution and Supreme Court

Landmark Decisions.

## XII. Statement of Facts – CITY OF DAYTON, TENNESSEE

### Joel Jones Badge#223

**12.1** On May 3, 2024, City of Dayton Police Officer Joel Jones, hereafter

"Jones", acting under color of State law, pulled Plaintiff over in his automobile

while Plaintiff was exercising his right to travel pursuant to Supreme Court

landmark Decision Shapiro v. Thompson, 394 U.S. 618 (1969). **See Exhibits 0, 1,**

**2, 3, 4, 5, 7, 8, and 10.**

**12.2** Jones, acting under color of State law, approached Plaintiff's

automobile and demanded a Driver's License from Plaintiff. **See Exhibits 2 and 4.**

**12.3** Plaintiff verbally stated to Jones that Plaintiff was not "driving", but

instead exercising his God-given "right to travel" pursuant to Shapiro v. Thompson,

394 U.S. 618 (1969). **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**12.4** Jones, acting under color of State law, violated his Oath to support the

Tennessee Constitution and United States Constitution by charging Plaintiff with T.C.A. §§ 55-50-502 and 55-4-110, which are repugnant to the Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**12.5**    Jones intentionally misclassified Plaintiff as Black/African American —Plaintiff is American Indian and White. **See Exhibits H and S.**

**12.6**    Jones willfully violated Rodriguez v. United States, 575 U.S. 348, as the Terry Stop was prolonged and lasted longer than necessary to effectuate the purpose of the Terry Stop.

**Clerk of Court Jamie Holloway**

**12.7**    On 8/5/2024Plaintiff assigned an instrument to Clerk of Court Jamie Holloway pursuant to 50 USC 4305 for full acquittance and discharge of all indebtedness. **See Exhibit R and Exhibit V.**

**12.8**    Plaintiff avers that Clerk of Court Jamie Holloway, acting under color of State law, willfully refused to accept Plaintiff's assignment to the United States pursuant to 50 USC 4305. **See Exhibit R and Exhibit V.**

**12.9**    Plaintiff avers that Clerk of Court Jamie Holloway, acting under color of State law, unlawfully misclassified civil action 72GS1-2024-TR-282 as a criminal action. **See Exhibit L.**

**Judge Jace Cochran**

**12.10** On 5/3/2024 at 9:00:00AM Civil Action 72GS1-24-TR-282 was

rescheduled for 7/26/2024 for a hearing, and to see if the Grand Jury indicted the

case.

**12.11** On 5/3/2024 Judge Jace Cochran advised Plaintiff to come back to

Court on July 26th 2024, to see if the Grand Jury indicted the case.

**12.12**  At 8:04AM, on July 26th 2024, Plaintiff contacted General Sessions

Court to inform said Court that Plaintiff would be late coming to Court due to

mechanical issues with his automobile. (At that time, Plaintiff lived over 150 miles

away from that Court.)

**12.13** At or about 11:07am, on July 26th 2024, Plaintiff specially appeared at

the General Sessions Court.

**12.13** At or about 11:07am to Plaintiff's astonishment the General Sessions

Court room was locked, with the lights turned off.

**12.14** On 7/26/2024 at 11:22 AM, a Finding of "Failure To Appear" was

entered for Count 1: 55-50-504 DRIVING WHILE LICENSE SUSPENDED.

**12.15** On 7/26/2024 at 11:23 AM, a Finding of "Failure To Appear" was

entered for Count 2: 55-12-139 FINANCIAL RESPONSIBILITY LAW.

**12.16** On 7/26/2024 approximately between the Hours of 11:00AM to 11:30 AM Plaintiff positively avers that the General Sessions Court was not in session at 11:23 AM.

**12.17** On 7/26/2024 at 11:23 AM, a Finding of "Failure To Appear" was entered for Count 3: 55-4-110 DISPLAY OF REGISTRATION PLATES.

**12.18** Plaintiff positively avers that the General Sessions Court was not in session at 11:23 AM.

**12.19** Plaintiff avers that there cannot be a Failure To Appear if the General Sessions Court was allegedly open for two (2) hours when its business hours are from 8:00AM to 4:30PM Monday through Friday.

**12.20** Plaintiff alleges that between the hours of 9:00AM to 11:30AM General Sessions Court was NOT in session on July 26th 2024.

**12.21** Plaintiff alleges that Judge Jace Cochran and Clerk of Court Jamie Holloway devised a scheme to enter a Failure to appear against Plaintiff by using deceptive practices under color of State law.

### City of Dayton, Tennessee

**12.18** Plaintiff alleges that the Charter for the City of Dayton, Tennessee, is unconstitutional in part. Plaintiff challenges the Charter for the City of Dayton,

Tennessee, in part.

**12.19** Plaintiff alleges that the City of Dayton is deceptively using its

Charter for the City of Dayton to violate Constitutional protected rights and to

unlawfully commit overt acts against the people under color of State law. **See**

**Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**12.20** Plaintiff alleges that the City of Dayton, Joel Jones Badge#223, Clerk

of Court Jamie Holloway, and Judge Jace Cochran, acting under color of State

Law, conspired against Plaintiff. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, and 10.**

**12.21** Plaintiff alleges that the City of Dayton used 31 CFR 363.10 and 31

CFR 363.27 to create accounts in the name of the minor TEMETRIUS

RICHARDSON to embezzle securities from the minor account and to deprive the

living man .richardson, :temetrius-deonte: of his right, title, and interest. **See**

**Exhibits E, F, and I.**

**12.22** Plaintiff positively avers that the City of Dayton cannot promote a

compelling Governmental interest in civil action civil action 72GS1-2024-TR-282.

## XIII. CHARGES AGAINST CITY OF DAYTON, TENNESSEE

The premises considered, **Plaintiff charges Defendant CITY OF**

**DAYTON,** with the following:

**Claim 1: Conspiracy against rights.** CITY OF DAYTON, by and through its agents, City of Dayton Police Officer Joel Jones #223, Judge Jace Cochran, and Clerk of Court Jamie Holloway, acting under color of State law, willfully, knowingly, unlawfully and with malicious intent deprived Claimant of his right to travel pursuant to the Supreme Court Landmark Decision Shapiro v. Thompson, 394 U.S. 618 (1969).

**Claim 2: Conspiracy to defraud the United States.** CITY OF DAYTON, by and through its agents, Clerk of Court Jamie Holloway, willfully, knowingly, unlawfully and with malicious intent conspired to defraud the United States by failing to obey 50 U.S.C. 4305. **See Exhibit V.**

**Claim 3: Unjust Enrichment.** CITY OF DAYTON has willfully, knowingly, unlawfully and with malicious intent committed the act of unjust enrichment by creating a CUSIP number for civil action 72GS1-2024-TR-282 without making payments credits or distributions to Plaintiff. A CUSIP number is a unique nine-digit alphanumeric code, which is used to identify securities, such as stocks, bonds, mutual funds, exchange traded funds and other financial instruments. Civil Action

Account Number 72GS1-2024-TR-282 was sold without recourse to undisclosed third-party purchasers for value.

**Claim 4: Plaintiff charges Defendant with Vexatious Litigation.** The CITY OF DAYTON, by and through its agents, City of Dayton Police Officer Joel Jones #223, Judge Jace Cochran, and Clerk of Court Jamie Holloway, willfully, knowingly and unlawfully brought Vexatious litigation against Plaintiff, acting under color of State law, in violation of the U.S. Constitution and Shapiro v. Thompson, 394 U.S. 618 (1969).

**Claim 5: Racial Discrimination.** Plaintiff was racially discriminated against by City of Dayton Police Officer Joel Jones #223 and Judge Jace Cochran, due to his swarthy skin complexion. Defendant's willful misclassification of Plaintiff as Black is additional evidence of racial discrimination.

**Claim 6: Violations of the Oath of Office.** City of Dayton Police Officer Joel Jones #223, Judge Jace Cochran, and Clerk of Court Jamie Holloway, acting under color of State Law, violated their Oaths by failing to obey the United States Constitution and Supreme Court Landmark Decisions.

## XIV. Statement of Facts – CHEROKEE COUNTY, GEORGIA

## Sheriffs' Deputy Joshua Reece.

**14.1**  On May 27, 2024, Plaintiff was unlawfully stopped and harassed at a DUI Checkpoint by Cherokee County Deputy Joshua Reece.

**14.2**  Deputy Joshua Reece unlawfully demanded a driver's license from Plaintiff thus acting under color of State law to deprive Plaintiff of his right to travel. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, G and 11.**

**14.3**  Plaintiff handed Deputy Joshua Reece his LINNA NATIONAL IDENTIFICATION PASS-CARD, issued by the LEAGUE OF INDIAN NATIONS. **See Exhibit S.**

**14.4**  Deputy Joshua Reece advised Plaintiff to pull to the side of the road behind another car and Plaintiff complied for fear of being harmed by said Deputy.

**14.5**  After Plaintiff parked his automobile, Deputy Joshua Reece and other Sheriff deputies approached the automobile in a hostile manner.

**14.6**  Plaintiff explained to Deputy Joshua Reece that he was exercising his God-given right to travel pursuant to Shapiro v. Thompson, 394 U.S. 618 (1969). **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, G and 11.**

**14.7**  Deputy Joshua Reece demanded that Plaintiff to get out of the automobile and threatened to drag Plaintiff from the automobile if Plaintiff didn't

comply.

**14.8**  Plaintiff exited the automobile for fear of being harmed by said

deputies.

**14.9**  Plaintiff asked to speak with a superior and Deputy Joshua Reece

stated that Sgt. Lupo was the supervisor.

**14.10** Sgt. Lupo declined to speak with Plaintiff and stated that Plaintiff

needed to talk to Deputy Joshua Reece since it was Reece's Terry Stop.

**14.11** Sgt. Lupo acting under color of State law, failed to prevent neglect by

failing to safeguard Plaintiff's God-given right to travel affirmed by the U.S.

Supreme Court. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, G and 11.**

**14.12** Plaintiff witnessed Deputy Jason Lupo Badge# 753 and Deputy

Patrick Hansen Badge#886 harassing Christine Robinson, Plaintiff's automobile

guest.

**14.13** Deputy Joshua Reece Badge#532, Deputy Jason Lupo Badge# 753,

Deputy Patrick Hansen Badge#886, Deputy Mathew T. Verber Badge#597 and

possibly other deputies acted in an unprofessional manner and were very hostile

towards Plaintiff and his automobile guest Christine Robinson.

**14.14** Several Deputy Sheriffs that were on the scene committed the act of

unreasonable search and seizure on Plaintiff's automobile without Plaintiff's

consent and without a warrant.

**14.15** Deputy Joshua Reece Badge#532 illegally and unlawfully arrested Plaintiff and impounded Plaintiff 's automobile without an arrest warrant, in violation of the Georgia Constitution and United States Constitution.

**14.16** Deputy Joshua Reece Badge#532, Deputy Jason Lupo Badge# 753, Deputy Patrick Hansen Badge#886, Deputy Mathew T. Verber Badge#597 willfully, knowingly and intentionally violated their Oath to Support the Georgia Constitution and United States Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, G and 11.**

**14.17** Deputy Joshua Reece Badge#532, charged Plaintiff by using color of State laws O.C.G.A. § 40-5-121, O.C.G.A. § 40-6-10, O.C.G.A. § 40-6-15 and O.C.G.A. § 40-2-7, which are repugnant to the Constitution. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, G and 11.**

**14.18** Plaintiff avers that Deputy Joshua Reece Badge#532 unlawfully misclassified Plaintiff as Black/African American—Plaintiff is American Indian and White. **See Exhibit H and Exhibit S.**

## CHEROKEE COUNTY SHERIFF'S OFFICE

**14.19** Cherokee County Sheriff's Office charged Plaintiff an excessive bail

twice in the amount of $600 for the first bail and once the first bail was paid they

charged $400 for the second bail, which totaled over $1000 dollars.

**14.20**  Cherokee County Sheriff's Office violated UNITED STATES VIII

AMENDMENT which states "... Excessive bail shall not be required."

**14.21**  Plaintiff positively avers that the Cherokee County Sheriff's Office

cannot promote a compelling Governmental interest in civil action 24M1336-MH.


### Clerk of Court Patricia A. Baker

**14.22** Plaintiff assigned an instrument to Clerk of Court Patricia A. Baker

pursuant to 50 USC 4305 for full acquittance and discharge of all indebtedness.

**See Exhibit Q and Exhibit V.**

**14.23** Plaintiff avers that Clerk of Court Patricia A. Baker willfully refused

to accept Plaintiff's assignment to the United States pursuant to 50 USC 4305. **See**

**Exhibit V.**

**14.24** Plaintiff avers that Clerk of Court Patricia A. Baker unlawfully

misclassified civil action 24M1336-MH as a criminal action. **See Exhibit K.**


### Cherokee County, Georgia

**14.25** Plaintiff alleges that the Charter for Cherokee County, Georgia is

unconstitutional in part. Plaintiff challenges the Charter for Cherokee County,

Georgia, in part.

**14.26** Plaintiff alleges that Cherokee County is deceptively using its Charter

for the County of Cherokee to violate Constitutional protected rights and to

unlawfully commit crimes against the people using color of State law.

**14.27** Plaintiff alleges that Cherokee County, Sheriffs' Deputy Joshua Reece.

Deputies Joshua Reece Badge#532, Deputy Jason Lupo Badge# 753, Deputy

Patrick Hansen Badge#886, Deputy Mathew T. Verber Badge#597,CHEROKEE

COUNTY SHERIFF'S OFFICE, and Clerk of Court Patricia A. Baker acting under

color of State law and in clear absence of all jurisdiction, conspired against

Plaintiff rights under color of State law. **See Exhibits 0, 1, 2, 3, 4, 5, 7, 8, G and

11.**

**14.28** Plaintiff alleges that the Cherokee County used 31 CFR 363.10 and 31

CFR 363.27 to create an account in the name of the minor TEMETRIUS

RICHARDSON to embezzle securities from the minor account and to deprive the

living man .richardson, :temetrius-deonte:. **See Exhibit E, F, and I.**

## XV. CHARGES AGAINST CHEROKEE COUNTY, GEORGIA

The premises considered, Plaintiff charges Defendant **CHEROKEE
COUNTY** with the following:

**Claim 1: Conspiracy against rights.** CHEROKEE COUNTY, by and through its
agents, Deputies Joshua Reece Badge#532, Deputy Jason Lupo Badge# 753,
Deputy Patrick Hansen Badge#886, Deputy Mathew T. Verber Badge#597,
CHEROKEE COUNTY SHERIFF'S OFFICE and other unknown Deputies, has
willfully, knowingly, unlawfully and with malicious intent violated Plaintiff's 4th
Amendment right by way of unreasonable search and seizure and deprived Plaintiff
of his right to travel pursuant to the Supreme Court Landmark Decision Shapiro v.
Thompson, 394 U.S. 618 (1969).

**Claim 2: Conspiracy to defraud the United States.** CHEROKEE COUNTY, by
and through its agents, Clerk of Court Patricia A. Baker acting in collusion with
other tort feasors, has willfully, knowingly, unlawfully and with malicious intent
conspired to defraud the United States by failing to obey 50 U.S.C. 4305. **See
Exhibit V.**

**Claim 3: Unjust Enrichment.** CHEROKEE COUNTY has willfully, knowingly, unlawfully and with malicious intent committed the act of unjust enrichment by creating a CUSIP number for civil action 24M1336-MH without making payments credits or distributions to Plaintiff. A CUSIP number is a unique nine-digit alphanumeric code, which is used to identify securities, such as stocks, bonds, mutual funds, exchange traded funds and other financial instruments. Civil Action Account Number 24M1336-MH was sold without recourse to undisclosed third-party purchasers for value.

**Claim 4: Plaintiff charges Defendant with Vexatious Litigation.** CHEROKEE COUNTY, by and through its agents, Deputies Joshua Reece Badge#532, Deputy Jason Lupo Badge# 753, Deputy Patrick Hansen Badge#886, Deputy Mathew T. Verber Badge#597, has willfully, knowingly and unlawfully brought Vexatious litigation against Plaintiff using color of State law, in violation of the U.S. Constitution and Shapiro v. Thompson, 394 U.S. 618 (1969).

**Claim 5: Racial Discrimination.** Plaintiff was discriminated against by CHEROKEE COUNTY agents based on his swarthy skin complexion. Defendant's willful misclassification of Plaintiff as Black is additional evidence of racial

discrimination.

**Claim 6: Violations of the Oath of Office.** Deputies Joshua Reece Badge#532,

Deputy Jason Lupo Badge# 753, Deputy Patrick Hansen Badge#886, Deputy

Mathew T. Verber Badge#597, acting under color of State Law, violated their

Oaths by failing to obey the United States Constitution and Supreme Court

Landmark Decisions.

## XVI. UNITED STATES SUPREME COURT DECISIONS AND CITATIONS

*Marbury v. Madison: 5 U.S. 137(1803)* "Congress does not have the power to pass
laws that override the Constitution, such as by expanding the scope of the Supreme
Court's original jurisdiction."

*United States v. Guest, 383 U.S. 745 (1966)* "If a state participates at all in a
conspiracy, it has violated the fourteenth Amendment with regard to any
individuals whose rights are infringed, based on the constitutional right to travel."

*Cooper v. Aaron, 358 U.S. 1(1958)* "States must obey the decisions of the
Supreme Court and cannot refuse to follow them."

*In Bank of United States v. Planters' Bank of Georgia, 22 U.S. 9 Wheat. 904*
**(1824),** the court held that, "As a member of a corporation, a government never
exercises its sovereignty. It acts merely as a corporator" and further that "when a
government becomes a partner in any trading company, it divest itself, so far as
concerns the transaction of that company, of its sovereign character and takes that
of a private citizen."

*MIRANDA V. ARIZONA, 384 U.S. 436(1966) 491;86 S. Ct. 1603.* "Where rights
secured by the Constitution are involved, there can be no 'rule-making' or

legislation which would abrogate them."

***Shuttlesworth v. City of Birmingham, 373 U.S. 262 (1963)*** *Held:*

1. " A law subjecting the right of free expression in publicly owned places to the prior restraint of a license, without narrow, objective, and definite standards is unconstitutional, and a person faced with such a law may ignore it and exercise his First Amendment rights." Pp. 394 U.S. 150-151.

**Shapiro v. Thompson, 394 U.S. 618 (1969).**

5. "In moving from jurisdiction to jurisdiction appellees were exercising a constitutional right, and any classification which penalizes the exercise of that right, unless shown to be necessary to promote a *compelling* governmental interest, is unconstitutional." P. 394 U. S. 634.

## XVII. NOTICE AND AGREEMENT OF THE PARTIES

The Defendants agree to answer Plaintiff's Bill in Equity pursuant to

F.R.C.P. Rule 8(b) and F.R.C.P. Rule 12 (a)(1)(A)(i), before filing a Motion to

Dismiss. If Defendants file a Motion to Dismiss without giving an answer (admit

or deny point-for-point), then Defendants agree that they have violated Plaintiff's

due process rights and substantive due process rights, and therefore Defendants

admit to all of Plaintiff's allegations and furthermore Defendants agree to a

Summary Judgment against them.  **See Exhibit W and Exhibit X.**

## XVIII.  Binding of Presiding Judge

In the best interest of justice, we, .richardson, :temetrius-deonte: and

Plaintiff TEMETRIUS RICHARDSON bind the assigned presiding judge by

Article VI Clause 2 of the Constitution of the United States, and by the judge's

sworn oath to "administer justice without respect to persons, and do equal right to

the poor and to the rich, and…[to] faithfully and impartially discharge and perform

all the duties incumbent upon [you]… under the Constitution and laws of the

United States. So help [you] God." We accept your oath and demand specific

performance.  We further bind the presiding judge by the laws of equity to do

complete justice and not by halves, as we hold you to a higher standard, and

therefore make supplication that you exercise good conscience. **Adequate relief**

**cannot be obtained at law.**


## XIX. Prayer for an Account

**19.1**   Plaintiff prays that the Defendants CITY OF ELLSWORTH,

KANSAS; CITY OF SODDY DAISY, TENNESSEE; RHEA COUNTY,

TENNESSEE; CITY OF DAYTON, TENNESSEE; and CHEROKEE COUNTY,

GEORGIA; acting as Corporators, be required to set out in their answers a full and

detailed account of all moneys, notes of hand, accounts, or other evidences of debt,

and all property of every kind that came into their Corporation, and show what

disposition said Defendants made of them.

**19.2**   Plaintiff prays that an account be taken and stated by the Clerk and

Master showing all the moneys, accounts, choses in action and other evidences of

debt, and all property, that went to Defendant's CITY OF ELLSWORTH,

KANSAS; CITY OF SODDY DAISY, TENNESSEE; RHEA COUNTY,

TENNESSEE; CITY OF DAYTON, TENNESSEE; and CHEROKEE COUNTY,

GEORGIA; or should by due diligence have gone to the Defendants by virtue of

said Corporations being custodians of the TreasuryDirect minor account pursuant

to 31 CFR 363.27, and what disposition was made thereof, and what profit was

made, or could by due diligence have made out of the securities and property that

went, or might have gone, into Defendant's Corporations as such trustee/custodian.

That the Master show in said report what balance is due Plaintiff, after allowing the

Defendants CITY OF ELLSWORTH, KANSAS; CITY OF SODDY DAISY,

TENNESSEE; RHEA COUNTY, TENNESSEE; CITY OF DAYTON,

TENNESSEE; and CHEROKEE COUNTY, GEORGIA; all just credits, but no

compensation, and that a decree be rendered in favor of Plaintiff against each

Defendant severally for said balance.

This is the first application for a receiver in this cause.

## XX.  Relief Sought

"The remedy of accounting is in most instances a necessary incident in part of the relief granted in suits brought by those beneficially interested, against persons standing in fiduciary relations." Pomeroy's Equity Jurisprudence and Equitable Remedies, Volume 4 – Scholar Select.

**Wherefore Plaintiff prays the court grant the following equitable relief:**

- Grant an equitable accounting for profits, from Plaintiff's securities held in the name and social security number of the minor account stemming from Civil Action Numbers 2021-TR-002490/Kansas, 23-0000421/Soddy Daisy, 23-000433/Soddy Daisy, 2023-CR-124/Rhea County, 72GS1-2024-TR-282/City of Dayton and 24M1336-MH/Cherokee County, as **adequate relief cannot be obtained at law.**

- Grant Prejudgment Preliminary Injunction to Freeze Plaintiff's securities in Defendant's custody, stemming from Civil Action Numbers 2021-TR-002490/Kansas, 23-0000421/Soddy Daisy, 23-000433/Soddy Daisy, 2023-CR-124/Rhea County, 72GS1-2024-TR-282/City of Dayton and 24M1336-MH/Cherokee County and all attachments, to secure each Defendant's ability to pay any future judgment. (Plaintiff alleges that the Defendant has,

or is likely to, conceal the stock sales of the financial asset proceeds or profits or place them beyond reach, absent immediate judicial intervention.)

- Impose a Constructive Trust for Civil Action Numbers 2021-TR-002490/Kansas, 23-0000421/Soddy Daisy, 23-000433/Soddy Daisy, 2023-CR-124/Rhea County, 72GS1-2024-TR-282/City of Dayton and 24M1336-MH/Cherokee County and all attachments on the proceeds obtained by the Defendant from the sale and/or transfer of Plaintiff's securities and an immediate accounting of those proceeds.

- Grant Plaintiff reasonable attorney fees and expenses of litigation;

- Grant Plaintiff a Prejudgment Preliminary Injunction estopping Defendants and all law enforcement officers from depriving Plaintiff of his right to travel pursuant to Supreme Court Landmark Decision Shapiro v. Thompson, 394 U.S. 618 (1969).

- Grant judgment in favor of Plaintiff on all charges;

- Tax Defendants with all costs of this cause;

- Grant Plaintiff's sought relief on equitable grounds based on the Defendant's misconduct;

- Grant such further and other equitable relief as the Court may deem just and proper.

i, .richardson, :temetrius-deonte:, beneficiary, affirm under penalty of perjury
under the laws of The United States of America that the foregoing **BILL IN
EQUITY TO PREVENT A MULTIPLICITY OF SUITS** is true and correct.
Executed with clean hands and good faith on this 2nd day of October 2024.

/s/ *.richardson, :temetrius-deonte*

.richardson, :temetrius-deonte: real owner
and beneficiary of minor TEMETRIUS
DEONTE RICHARDSON
c/o 8585 Criterion Drive Unit 64182
Colorado Springs, Colorado 80920
Phone: (314) 922-0853
Email: term1980@yahoo.com