IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-2733-MDB

TEMETRIUS RICHARDSON,

Plaintiff,

v.

COUNTY OF ELLSWORTH, KANSAS; Trustee as a Non-Governmental Corporation; CITY OF SODDY DAISY, TENNESSEE, Trustee as a Non-Governmental Corporation; COUNTY OF RHEA, TENNESSEE, Trustee as a Non-Governmental Corporation; CITY OF DAYTON, TENNESSEE, Trustee as a Non-Governmental Corporation; COUNTY OF CHEROKEE, GEORGIA, Trustee as a Non-Governmental Corporation; CITY OF SOUTH FULTON, GEORGIA, Trustee as a Non-Governmental Corporation; and CITY OF LAWRENCEVILLE, GEORGIA, Trustee as a Non-Governmental Corporation,

Defendants.

---

### DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S
### MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12

---

Defendant, City of Lawrenceville, Georgia, by and through counsel, Ray Lego & Associates, hereby moves the Court to dismiss Plaintiff's *Amended Bill In Equity For An Accounting To Prevent A Multiplicity of Suits* **(**Doc #7), hereafter referenced as "Amended Complaint" pursuant to Federal Rule of Civil Procedure 12 because the Court lacks personal jurisdiction, subject matter jurisdiction, for insufficiency of process and because the Amended Complaint fails to state claim upon which relief can be granted.

It appears, though it is not clear, that Plaintiff asserts claims seeking equitable relief stemming from a traffic stop by law enforcement in the State of Georgia on March 7, 2022.

**Amended Complaint ¶ 18.1**. City of Lawrenceville moves to dismiss the Amended Complaint[1] pursuant to FRCP 12.

### I. Lack of Personal Jurisdiction Over City of Lawrenceville

Plaintiff bears the burden of establishing personal jurisdiction. *Far W. Capital, Inc. v. Towne, 46 F.3d 1054, 1057 (10th Cir. 2008)*. On a motion to dismiss for lack of personal jurisdiction based on the Complaint, the Court takes as true all well-pled facts in the Complaint. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc. 514 F.3d 1063, 1070 (10th Cir. 2008)*. Plaintiff has not set forth any facts in his Complaint that establishes the Court's personal jurisdiction over City of Lawrenceville, a municipality in Gwinnette County, Georgia.

In order for the Court to have personal jurisdiction over a non-resident defendant in a diversity action, Plaintiff must show that there is jurisdiction under the laws of Colorado and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1999)*. Colorado's long-arm statute is set forth in C.R.S. § 13-1-124(1)(a) which confers jurisdiction concerning any cause of action arising from:

(a) The transaction of any business within this state;

(b) The commission of a tortious act within this state;

(c) The ownership, use, or possession of any real property situated in this state;

(d) Contracting to insure any person, property, or risk residing or located within this state at the time of contracting;

(e) The maintenance of a matrimonial domicile within this state with respect to all issues relating to obligations for support to children and spouse in any action for dissolution of

---

[1] Plaintiff's filing of his Amended Complaint supersedes his original complaint. *Rhodes v. Robinson 621 F.3d 1002, 1005 (9th Cir. 2010)*.

marriage, legal separation, declaration of invalidity of marriage, or support of children if one of the parties of the marriage continues without interruption to be domiciled within the state;

(f) The engaging of sexual intercourse in this state as to an action brought under article 4 or article 6 of title 19, C.R.S., with respect to a child who may have been conceived by that act of intercourse, as set forth in verified petition; or

(g) The entering into of an agreement pursuant to part 2 or 5 of article 22 of this title.

Colorado law does not provide the Court personal jurisdiction over City of Lawrenceville.

Even if Colorado's long-arm statute would extend to Plaintiff's cause(s) of action, which it does not, exercising jurisdiction must be consistent with due process under the Fourteenth Amendment, which it is not. The Court may not exercise personal jurisdiction over City of Lawrenceville if it determines that the "minimum contacts" test is not met. *International Shoe Co. v. Washington, 326 U.S. 310 (1945). Burger King Corp. v. Rudzewicz, 471 US 462 (1985).* The "minimum contacts test" cannot be met because Plaintiff has not set forth any facts to show that City of Lawrenceville purposefully directed any activity at residents of Colorado or engaged in conduct that somehow connects City of Lawrenceville, a state of Georgia municipality, to Colorado in a meaningful way. Further, Plaintiff's injuries are not alleged to result from or relate to an activity of City of Lawrenceville within Colorado. Id.

Plaintiff has not set forth any facts in his Amended Complaint which show that City of Lawrenceville has any contact with Colorado, let alone "minimum contacts", which would give the Court personal jurisdiction over City of Lawrenceville.

Even if Plaintiff had shown "minimum contacts" the Court should not exercise personal jurisdiction over City of Lawrenceville because to do so would "offend traditional notions of fair play and substantial justice" because it would be unreasonable and unfair. City of Lawrenceville

is a municipality in the state of Georgia, and Plaintiff alleges acts as against City of Lawrenceville[2] agents having occurred solely within the State of Georgia. It would be unreasonable and unfair to require City of Lawrenceville's witnesses to be brought to Colorado.

Therefore, Plaintiff's Amended Complaint should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. Lack of Subject Matter Jurisdiction

The Court may dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Procedure 12(b)(1). In order for the Court to have subject matter jurisdiction, Plaintiff must adequately assert diversity jurisdiction or a federal question. He has done neither.

In order for the Court to exercise diversity jurisdiction, there must be complete diversity of the parties and the amount in controversy must exceed $75,000. 28 U.S.C. 1332(a). Plaintiff has not set forth any amount in controversy or nor has he made allegations that suggest the amount in controversy is more than $75,000.

The Court has federal question jurisdiction only when a federal question is presented on the fact of a properly pleaded complaint. *Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)*. While Plaintiff's Amended Complaint references federal statute and constitutional rights generally, it does not set forth how the broad references were violated in any sufficient way. A pro-se litigant merely referencing sources of federal law in a complaint is insufficient to establish federal question jurisdiction. See *Firstenberg v. City of Sante Fe, 696 F.3d 1018 (10th Cir. 2012)*. Therefore, the Court should not exercise diversity jurisdiction and find that Plaintiff has not

---

[2] Plaintiff makes conclusory allegations of agency as between City of Lawrenceville and three individuals Officer K. Brown, Tiana Garner, and Veronica Cope with no factual basis set forth in his Amended Complaint. Officer Brown is a Georgia State Trooper, not employed by or an agent of City of Lawrenceville. Judge Veronica Cope is a Gwinnette County, Georgia, state court judge not employed by or an agent of City of Lawrenceville. Tiana Garner is a Gwinnette County Superior Court Clerk, not employed by or an agent of City of Lawrenceville.

sufficiently pled a federal question, and dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

### III. Insufficiency of Service of Process

The Federal Rules of Civil Procedure require that a summons and complaint be served on City of Lawrenceville. **Fed. R. Civ. P. 4(c)**. Plaintiff filed with the Court a "proof of service" form stating that a summons was mailed to David Still, Mayor of City of Lawrenceville Georgia. **Doc #10-1, Page 1** and a letter from the USPS dated October 15, 2024 that the actual recipient name was "R OWE", with digital signature that is difficult to read but clearly not "David Still". **Doc #10-1, Page 2.** Even should the Federal Rules of Civil Procedure and/or Georgia law O.C.G.A § 9-11-4(e)(5) permit service of a summons and complaint on the mayor of City of Lawrenceville by certified mail³, Doc #10-1, Page 2 shows that it was not. Therefore, Plaintiff's Amended Complaint must be dismissed for insufficiency of process under CRCP 12(b)(5).

### IV. Improper Venue

Plaintiff does not set forth allegation of venue in his Amended Complaint, but in paragraph 1.1 states that "[t]his Court has diversity jurisdiction".

A civil action may be brought in –

1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction

---

³ But see *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983).

with respect to such action. **28 U.S.C. § 1391(b).**

The District of Colorado is not a proper venue because no defendant resides in Colorado and not all defendants reside in the same state, the alleged events that Plaintiff claims give rise to the action occurred in Georgia as to those claims against City of Lawrenceville (no claims against any defendant arise from alleged conduct in Colorado) and there is a judicial district where Plaintiff could bring his action, which is the Northern District Of Georgia.

Therefore, the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).

## V.     Failure To State A Claim For Relief

Plaintiff's Amended Complaint should be dismissed because he has not set forth a plausible claim for relief. Plaintiff is required to allege enough facts that, taken as true, makes his claim(s) for relief plausible as required by *Bell Atl. Corp v. Twombley. 550 U.S 544, 570 (2007)*. Plaintiff's Amended Complaint sets forth no more than labels and conclusions, and does not set forth factual allegations that raise a right to relief above the speculative level, and therefore must be dismissed. *Id. Federal Rule of Civil Procedure 12(b)(6)*.

WHEREFORE, City of Lawrenceville moves the Court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12 as set forth herein.

Respectfully submitted this 22nd day of November, 2024.

RAY LEGO & ASSOCIATES

By:     /s/ Michael C. Wathen
        Michael C. Wathen
        10825 E. Geddes Ave., Suite 100
        Centennial, CO 80112

Telephone: (720) 963-7032
Facsimile: (720) 963-7001
Email: mwathen@travelers.com
*Attorney for Defendant City of Lawrenceville, Georgia*

### CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of November, 2024, a true and correct copy of the foregoing DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 was filed with the Court and served via CM/ECF System and emailed to Plaintiff, Pro se:

Temetrius Richardson
8585 Criterion Drive, Unit 64812
Colorado Springs, CO 80920
term1980@yahoo.com
*Pro Se*

                                                          */s/ Mike Wathen*
                                                          Mike Wathen