FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*8:11 am, Dec 19, 2024*
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| TEMETRIUS RICHARDSON, | § | |
| Equitable Owner and Beneficiary, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action: 24-cv-2733-RMR-MDB |
| | § | |
| COUNTY OF ELLSWORTH, | § | Adequate relief cannot be obtained at law. |
| KANSAS, | § | |
| et al., | § | |
| Defendants. | § | **NON-NEGOTIABLE** |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12**

Comes now Plaintiff Temetrius Richardson and objects to DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 for the following:

### I. FACTUAL BACKGROUND

1

1. On, 10/02/2024, Plaintiff brought this civil action against Defendant City of Lawrenceville, Georgia, hereafter "City of Lawrenceville", and other municipal corporations, for violations of Plaintiff's U.S. constitutional rights.

2. On 10/08/2024, Plaintiff filed his Amended Complaint (Amended Bill).

3. On 10/11/2024, Defendant City of Lawrenceville was served through David Still, Mayor of City of Lawrenceville, Georgia, via U.S. Priority Mail Express, with answer due 11/22/2024 by agreement of the parties. See ECF 15.

4. On 10/16/2024, Plaintiff filed a Notice of Corrections to Clerical Errors in Civil Docket.

5. On 11/22/2024, Defendant, by and through its attorney Michael C. Wathen, filed DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12.

## II. DISCUSSION WITH CITATIONS AND AUTHORITIES

**A. Defendant City of Lawrenceville was properly served pursuant to Federal law and State law.**

1. Plaintiff served David Still, Mayor of City of Lawrenceville, via US Priority Express Mail.

2. Plaintiff served Defendant City of Lawrenceville pursuant to FRCP Rule 4(j)(2)(B) states,

> *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

3. Defendant City of Lawrenceville is a municipal corporation, masquerading as lawful government.

4. Plaintiff relies on the State of Georgia law for a perfect defense for willfulness in sufficient service of process of City of Lawrenceville. See OCGA 9-11-4(e)(5) which states,

> If against a county, municipality, city, or town, to the **chairman of the board of commissioners**, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process. If against any other public body or organization subject to an action, to the chief executive officer or clerk thereof; (bold added for emphasis)

5. Defendant City of Lawrenceville cannot receive personal service due to its classification as a municipal corporation.

6.  According to United States Postal Service, the summons and complaint were "Delivered, Left with Individual" R. OWE on October 11, 2024, at 11:21am EST.

7.  Plaintiff alleges that R. OWE is authorized to accept service on behalf of David Still, Mayor of City of Lawrenceville.

8.  According to Federal law, it would be a federal crime for R. OWE to open mail addressed to David Still, Mayor of City of Lawrenceville, without authorization from David Still.

9.  Plaintiff alleges that R. OWE delivered the envelope containing the Summons, Amended Complaint, and Request for Discovery to David Still, Mayor of City of Lawrenceville.

10. A complaint does not need to include facts that allege personal jurisdiction. Purdue Research Found. v. Sanofi-Synthelab, S.A., 338 F.3d 773, 782 (7th Cir. 2003).

11. Therefore, due to Plaintiff's reliance on Federal law and State law, service was sufficient, and this Court has personal and subject matter jurisdiction of this civil action.

**B. Plaintiff erred in the Notice of Corrections to Clerical Errors in Civil Docket [ECF 9] and erred in his Amended Complaint [ECF 7].**

12. In Plaintiff's Amended Complaint [ECF 7], Plaintiff erred by accidentally stating that this civil action was brought under "diversity jurisdiction".

13. This Court has Jurisdiction pursuant to Article III Section II. Paragraph I. of the Constitution of the United States of America (1787).

**C. Federal Question Jurisdiction is the appropriate jurisdiction for this suit because this Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.**

14. Plaintiff's claims arise under the U.S. Constitution and Supreme Court Landmark Decisions. See Article III Section II. Paragraph I. of the Constitution of the United States of America (1787).

15. Plaintiff's intent is to bring this civil action against Defendant City of Lawrenceville for claims arising under the U.S. Constitution. See ECF 7 at page 1-69.

16. 28 USC 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

17.   This Federal Court has Equity Jurisdiction merged with Law which is known as the "Civil Action".

18.   Plaintiff lives in the State of Colorado.

19. Therefore, this U. S. District Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 - Federal Question.

**D. Defendant failed to answer plaintiff's Amended Complaint in violation of FRCP.**

20.   City of Lawrenceville's Motion to Dismiss fails to admit or deny the allegations asserted, see Fed. R. Civ. P. 8.(b)(B)(6).

21.   City of Lawrenceville's Motion to Dismiss fails to **answer** Plaintiff's AMENDED BILL IN EQUITY TO PREVENT A MULTIPLICITY OF SUITS and fails to state defenses to each and every claim asserted against it.

22.   DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S MOTION TO DISMISS fails to "admit" or "deny", pursuant to Fed. R. Civ. P. 8(b)(B)(6), and therefore confesses to each and every one of plaintiff's allegations.

23.   Defendant City of Lawrenceville's failure to admit or deny violates Federal Rules of Civil Procedure, Rule 8 and Rule 12.

24. Filing an answer to plaintiff's bill is paramount and conditions precedent.

25. The Federal Rules of Civil Procedure clearly and concisely explains how defenses are to be set up by the defendant.

26. Defendant City of Lawrenceville is willfully failing to obey the Federal Civil Rules of Procedure which governs this Court.

> FRCP Rule 8. General Rules of Pleading (b) Defenses; Admissions and Denials. (1) In General. In responding to a pleading, a party must: **(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party. (2) Denials—Responding to the Substance. A denial must fairly respond to the substance of the allegation.** [Bold added for emphasis.]

27. Defendant City of Lawrenceville's Motion to Dismiss avoids each and every allegation, lacks defenses against each and every claim, and evades admitting or denying each and every allegation.

28. Defendant City of Lawrenceville's pleading therefore violates the Federal Rules of Civil Procedure Rule 8(b).

> FRCP Rule 8. General Rules of Pleading (b) Defenses; Admissions and Denials. **(4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest. (5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so

**state, and the statement has the effect of a denial. (6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.** [Bold added for emphasis.]

29. As stated in the summons received by the Clerk, an answer was required by the defendant within 21 days from the date of service; however, the defendant's response lacked all necessary elements of an answer.

> FRCP Rule 12. (a) Time to Serve a Responsive Pleading. (1) In General. (A) A defendant must serve an answer: (I) within 21 days after being served with the summons and complaint.

**E. Defendant's motion to dismiss fails to be sworn to under penalty of perjury.**

30. "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." See Trinsey v. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964).

31. Defendant's Motion to Dismiss seeks to avoid the real issues in plaintiff's pleadings and fails to admit or deny plaintiff's complaint.

## III. BINDING OF JUDGE

In the best interest of justice, .richardson, :temetrius-deonte:, binds Article III Judge Regina M. Rodriguez and Magistrate Judge Maritza Dominguez Braswell by Article VI Clause II of the Constitution of the United States, by their oaths to support the United States Constitution. The beneficiary's interest cannot be recognized at law, only in equity.  **Adequate relief cannot be obtained at law.**

## IV.  RELIEF SOUGHT

Wherefore plaintiff prays the court grant the following equitable relief:

1. Deny Defendant's Motion to Dismiss for failure to give an answer pursuant to FRCP Rules 8 and 12;

2. Strike DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12, in its entirety, as it is without substantial justification.

3. That this Court exercise the head of conscience in adjudicating this civil action;

4. Grant a Default Judgment in favor of plaintiff, for defendant's failure to answer [admit or deny] plaintiff's bill, or in the alternative direct said defendant to file an answer to plaintiff's Amended Complaint;

5. That all deposits of plaintiff's securities whether payment tangibles or payment intangibles held by Defendant City of Lawrenceville, be redeemed in lawful money;

6. That the Court directs the City of Lawrenceville to provide Plaintiff with copies of the FR 2046 balance sheet for discount window borrowers.

7. If the Court finds that the plaintiff's Amended Complaint is defective or confusing pertaining to jurisdictional issues, plaintiff requests leave of court to amend his bill to remove all confusion and give clarity, after all defendants have responded or otherwise answered his Amended Complaint.

8. Give directions to enjoin the United States as a party plaintiff to hold the Defendant accountable for its violations of constitutional rights against other persons within the jurisdiction of the City of Lawrenceville.

9. Revoke the City of Lawrenceville's federal funding until the final disposition of this civil action.

10. Grant plaintiff an extension of time, within a timely manner, to perfect service of process in the unlikely event that the Court deems service of process insufficient;

11. Impose sanctions against Defendant City of Lawrenceville for its willful failure to adhere to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure;

12. Grant such further and other equitable relief as the Court may deem just and proper.

i, .richardson: temetrius-deonte, beneficiary, affirm under penalty of perjury under the laws of The United States of America that the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 is true and correct to my personal knowledge and belief. Executed with clean hands and good faith on this 26th day of November 2024.

                                                /s/.richardson, :temetrius-deonte:
                                                TEMETRIUS DEONTE RICHARDSON

8585 Criterion Drive Unit 64182
Colorado Springs, Colorado 80920
Phone: (314) 922-0853
Email: term1980@yahoo.com

## CERTIFICATE OF SERVICE

On this 18th day of December 2024, i, richardson: temetrius-deonte, certify that the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF LAWRENCEVILLE, GEORGIA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 was served to the Clerk of Court, in THE UNITED STATES DISTRICT COURT DISTRICT OF COLORADO 901 Nineteenth Street, Denver, Colorado 80294 via Electronic mail and served to the following via Electronic mail:

Micheal C. Wathen
10825 E. Geddes Ave., Suite 100
Centennial, Colorado 80112
Telephone: (720) 963-7032
Facsimile: (720) 963-7001
Email: mwathen@travelers.com
*Attorney for Defendant City of Lawrenceville*

/s/.richardson, :temetrius-deonte: