**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.	1:24-CV-2733-MDB

TEMETRIUS RICHARDSON,

    Plaintiff,

v.

COUNTY OF ELLSWORTH, KANSAS; Trustee as a Non-Governmental Corporation; CITY OF SODDY DAISY, TENNESSEE; Trustee as a Non-Governmental Corporation; COUNTY OF RHEA, TENNESSEE; Trustee as a Non-Governmental Corporation; CITY OF DAYTON, TENNESSEE; Trustee as a Non-Governmental Corporation; COUNTY OF CHEROKEE, GEORGIA; Trustee as a Non-Governmental Corporation; CITY OF SOUTH FULTON, GEORGIA; Trustee as a Non-Governmental Corporation; CITY OF LAWRENCEVILLE, GEORGIA; Trustee as a Non-Governmental Corporation,

    Defendants.

## COUNTY OF ELLSWORTH, KANSAS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1), (2), (3) & (6)

Defendant, County of Ellsworth ("Ellsworth"), Kansas, appearing separately from the other named Defendants, by and through its attorneys, Marni Nathan Kloster and Timothy Walsh of Nathan Dumm & Mayer, without waiving or consenting to jurisdiction, hereby submits its Motion to Dismiss Pursuant To FED. R. CIV. P. 12(b)(1), (2), (3) & (6), and in support, states and alleges as follows:

### CONFERRAL

Counsel for Ellsworth's conferred by phone with Plaintiff, who is proceeding *pro se,* and this Motion is opposed.

I.      **Factual and Procedural Background.**

Plaintiff's original Bill in Equity to Prevent a Multiplicity of Suits ("Complaint") was filed on or about October 2, 2024. [ECF 1]. On or about October 8, 2024, Plaintiff filed an "Amended Bill in Equity to Prevent a Multiplicity of Suits" ("Amended Complaint"). [ECF 7].[1]

The Amended Complaint is extremely convoluted but appears to be based upon Plaintiff being stopped for a traffic infraction by a Kansas Highway Patrol Officer, while traveling in Ellsworth County, Kansas on August 17, 2021. [ECF 7 at ¶¶ 3.3, 4.1, 4.7][2]. His claims seem to be based upon vicarious liability for the acts of the following individuals: 1) Kansas Highway Patrol Officer Farthing [ECF 7 at ¶ 4.1]; 2) Ellsworth County Court Clerk, Battershell [ECF 7 at ¶ 4.10]; 3) Ellsworth County Magistrate Svaty [ECF 7 at ¶ 4.12–4.15]; 4) Ellsworth County Attorney Kasper [ECF 7 at ¶ 4.16–4.19]; and, 5) Kansas District Court Judge Steve Johnson, [ECF 7 at ¶ 4.20–4.22]. Plaintiff also alleges direct conduct by Ellsworth County as a whole. [ECF 7 at ¶ 4.23-4.28]. Plaintiff alleges violations of criminal statutes, the U.S. Constitution, state law claims, federal regulations, and cites to federal caselaw for authority, but does not cite to any specific civil cause of action. He generally alleges racial discrimination but cites no facts to support the general conclusion that Defendant engaged in discrimination. [ECF 7, Charge 5, pg. 13-14]. Nowhere in the Amended Complaint does Plaintiff provide his state of domicile, citizenship, or even his current location, or any amount in controversy.

---

[1] "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).
[2] Plaintiff's unconventional formatting makes the use of conventional citations difficult.

Plaintiff's Amended Complaint must be dismissed because this Court lacks subject matter jurisdiction, personal jurisdiction over Ellsworth, venue is improper, and Plaintiff fails to state a claim upon which relief may be granted.

II.     **Standard of Review.**

    a.     **Fed. R. Civ. P. 12(b)(1): Lack of subject-matter jurisdiction.**

The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction, which in this case is Plaintiff. *See Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) can take two forms. *Burke v. Fitzgerald,* No. 05-cv-02024-EWN-BNB, 2006 WL 2165272, at *1 (D. Colo., July 31, 2006) (citations omitted). "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id*.

The second type of challenge goes beyond the allegations of a complaint and challenges "the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.*

    b.     **Fed. R. Civ. P. 12(b)(2):  Lack of personal jurisdiction**

The plaintiff has the burden of establishing personal jurisdiction. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). "The district court is given discretion in determining the

procedure to employ in considering a motion to dismiss for lack of personal jurisdiction." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir. 1992) (internal quotations and citation omitted). The Court accepts well-pled allegations (namely, the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true to determine whether the plaintiff has made a *prima facie* showing that the defendant is subject to the court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008).

    c.    **Fed. R. Civ. P. (12 (b)(3): Improper venue**

In order to defeat a motion to dismiss based on improper venue under Fed. R. Civ. P. 12(b)(3), the plaintiff must bear the burden of demonstrating that the action was brought in the proper venue. *Ervin & Associates, Inc. v. Cisneros*, 939 F. Supp. 793, 796 (D. Colo. 1996).

    d.    **Fed. R. Civ. P. 12(b)(6):  Failure to state a claim upon which relief can be granted.**

"Dismissal [under Rule 12(b)(6)] is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *Swart v. State of Colorado Dept. of Corrections*, No. 07-cv-02718-LTB-MJW, 2009 WL 230699, at *1 (D. Colo., Jan. 30, 2009) (citations omitted). Courts look at the specific allegations contained in the complaint to determine whether those allegations plausibly support a legal claim for relief. *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Thus, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007). This requires Plaintiff sufficiently allege facts supporting all the elements necessary to establish a right to relief under the legal theory he proposes. *Lane v. Simon*, 495 F.3d 1182, 1187 (10th Cir. 2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

4

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). As explained by the Tenth Circuit, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support or *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### III.    Legal Argument

When considering a *pro se* plaintiff's filings, the Court construes the filings liberally. *Hall*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, this does not mean the Court acts as a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The 10th Circuit requires *pro se* litigants to follow the same procedural rules that govern all other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994).

### A.    This Court Lacks Subject Matter Jurisdiction and so Plaintiff's Case should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In order for the Court to have subject matter jurisdiction, Plaintiff must establish either diversity jurisdiction or a federal question. See *Feemster v. Kim,* No. 15-cv-

01354-GPG, 2015 WL 4743061, at *2 (D. Colo. Aug. 11, 2015). Here, Plaintiff has failed to do either.

Diversity jurisdiction exists only if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). Plaintiff has not alleged his State of citizenship, set forth any amount in controversy, nor has he made allegations that suggest the amount in controversy is more than $75,000. Furthermore, Plaintiff does not assert a federal question in any of the claims identified in Count V: Charges Against the County of Ellsworth, Kansas. [ECF 7 at pg. 12–15].

While Plaintiff alludes to federal case law and some federal statutes, nothing in his Amended Complaint establishes subject matter jurisdiction over any federal question. For example, Plaintiff alleges an officer failed to read him his Miranda rights. [ECF 7 at ¶ 4.5]. But a Miranda violation, even if it existed, does not provide a cause of action. *Vega v. Tekoh*, 142 S. Ct. 2095, 2108 (2022). Plaintiff cites no authority supporting his claim of a right to his preferred racial classification. Plaintiff's citations to 12 U.S.C. 95(a)(2) reference a statute, which does not exist. [ECF 7 at ¶ 4.9]. Plaintiff thus asserts no claims which establish federal question jurisdiction and so this Court should dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

    **B.    This Court Lacks Personal Jurisdiction and Plaintiff's Case should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2).**

The plaintiff has the burden of establishing personal jurisdiction. *Wenz* 55 F.3d at 1505. Plaintiff has failed to meet his burden. He has not alleged any fact that establishes this Court's personal jurisdiction over Ellsworth.

Plaintiff must prove there is jurisdiction under Colorado law and that the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Soma Med.*

*Int'l v. Standard Chtd. Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). Colorado's long-arm statute is found at C.R.S. § 13-1-124(1)(a), which provides personal jurisdiction for any cause of action arising from:

> (a) The transaction of any business within this state;
> (b) The commission of a tortious act within this state;
> (c) The ownership, use, or possession of any real property situated in this state;
> (d) Contracting to insure any person, property, or risk residing or located within this state at the time of contracting;
> (e) The maintenance of a matrimonial domicile within this state with respect to all issues relating to obligations for support to children and spouse in any action for dissolution of marriage, legal separation, declaration of invalidity of marriage, or support of children if one of the parties of the marriage continues without interruption to be domiciled within the state;
> (f) The engaging of sexual intercourse in this state as to an action brought under article 4 or article 6 of title 19, C.R.S., with respect to a child who may have been conceived by that act of intercourse, as set forth in verified petition; or
> (g) The entering into of an agreement pursuant to part 2 or 5 of article 22 of this title.

None of the foregoing apply to the facts alleged by Plaintiff, and jurisdiction cannot be established under C.R.S. § 13-1-124(1)(a). Additionally, the Court should decline to find personal jurisdiction because to do so would be inconsistent with the Due Process Clause under the Fourteenth Amendment, and the principal of "minimum contacts." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Ellsworth has not had "continuous and systematic" contact with Colorado so as to confer general jurisdiction, nor has Ellsworth County purposely directed activities at residents of Colorado. *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1533 (10th Cir.1996); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Plaintiff has not alleged any facts to establish "continuous and systematic" contact, nor has he alleged Ellsworth directed any activity

to target residents of Colorado. Plaintiff's allegations arise from his conduct in Kansas. Finally, any exercise of personal jurisdiction over Ellsworth would "offend traditional notions of fair play and substantial justice." *International Shoe Co*. at 316.

In addition to Plaintiff's failure to satisfy any long arm statute, Colorado and Kansas both require a plaintiff to establish personal jurisdiction over a county to be sued by naming "[t]he board of county commissioners of the county of _____." *See* C.R.S. § 30–11–105; K.S.A. § 19-105 (where the name of the county to be sued is to be inserted in the blank). Plaintiff has failed to name the correct party defendant, instead naming "County of Ellsworth, Kansas" as a Defendant. See *Ferris v. Jefferson County, et al.,* No. 07–cv–02215–REB–MJW, 2008 WL 5101240, at * (D. Colo. 2008).

The Tenth Circuit has found that failure to name the proper party in this regard is jurisdictional because the statute provides, "the exclusive method by which jurisdiction over a county can be obtained." *Sisneros v. County of Pueblo, et al.,* No. 09–cv–01646–PAB–MJW, 2010 WL 1782017, at *2 (D. Color. 2011) (citing *Gonzales v. Martinez*, 403 F.3d 1179, 1182 n. 7 (10th Cir. 2005)). Plaintiff's failure to name the proper party means Plaintiff has not established personal jurisdiction and requires dismissal on that ground alone. *Id*. Plaintiff's Amended Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

    **C.**    **Plaintiff's Amended Complaint should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).**

Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As a threshold matter, Plaintiff's pleadings are deficient as to venue because he does not allege that venue is proper, and instead only makes reference in conclusory fashion to there being diversity jurisdiction. Further, no defendant resides within the District of Colorado, no events or omissions giving rise to Plaintiff's claims occurred in the District of Colorado, and no defendant is subject to personal jurisdiction in the District of Colorado. Venue is therefore improper and dismissal of Plaintiff's Amended Complaint is required.

**D.    Plaintiff's Amended Complaint Should Be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(b)(6).**

Finally, Plaintiff has not brought forth any recognizable claim for relief. He has alleged violation of federal caselaw, criminal codes, a state law contract claim, violations of oaths of office,[3] "vexatious litigation," racial discrimination based upon some vague "misclassification," and breach of fiduciary duty without alleging the existence of a fiduciary relationship. None of these purported claims are recognizable civil causes of action in federal court. Even if these were recognized causes of action, Plaintiff does nothing more than state legal conclusions. This Court should not credit those conclusory statements when evaluating the sufficiency of Plaintiff's claims. *Iqbal*, 556 U.S. at 678. Plaintiff's claims thus must be dismissed because he fails to state a claim upon which relief may be granted.

**CONCLUSION**

---

[3] See *Alejandro v. United States,* 158 Fed. Cl. 772, 774 (2022) (holding a violation of an oath of office is not compensable in the Court of Claims).

In conclusion, Plaintiff's claims must be dismissed because this Court lacks subject matter jurisdiction and personal jurisdiction, venue is improper, and Plaintiff fails to state any claim upon which relief may be granted.

Wherefore, Defendant Ellsworth County, Kansas respectfully requests that the Court grant this Motion to Dismiss and grant such other relief as the Court deems to be reasonable, appropriate, and just.

DATED this 23rd day of December, 2024.

> *s/Timothy Walsh*
> Marni Nathan Kloster
> Timothy Walsh
> NATHAN DUMM & MAYER P. C.
> 7900 E. Union Avenue, Suite 600
> Denver, CO 80237-2776
> Telephone: (303) 691-3737
> Facsimile: (303) 757-5106
> ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2024 a true and correct copy of the foregoing **COUNTY OF ELLSWORTH, KANSAS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Harding Grant
Robinson Smith & Wells PLLC
633 Chestnut Street
Suite 700
Chattanooga, TN 37450
Phone: (423)756-5051
Email: kgrant@rswlaw.com

Kenneth Paul Robin
Melissa A. Klatzkow
Jarrard & Davis LLP
222 Webb Street
Cumming, GA
Phone: (678)455-7150
Email: krobin@jarrard-davis.com
mklatzkow@jarrar-davis.com

Michael Charles Wathen
Ray Lego & Associates
10825 East Geddes Avenue
Suite 100
Centennial, CO 80112
Phone: (720)963-7032
Email: mwathen@travelers.com

Jonathan Swann Taylor
Kramer Rayson, LLP
800 South Gay Street
Suite 2500
PO Box 629
Knoxville, TN 37901-0629
Phone: (865)525-5134
Email: jstaylor@krmaer-rayson.com

I hereby certify that I have electronically mailed and regular mailed a true and complete copy to the following non CM/ECF participants:

Temetrius Richardson
8585 Criterion Drive, Unit 64182
Colorado Springs, CO 80920
Phone: (314)922-0853
.

        *s/Timothy Walsh*
        Marni Nathan Kloster
        Timothy Walsh
        Attorneys for Defendant
        NATHAN DUMM & MAYER P.C.
        7900 E. Union Avenue, Suite 600
        Denver, CO 80237-2776
        Telephone: (303) 691-3737

        Facsimile: (303) 757-5106
        MNathan@ndm-law.com
        twalsh@ndm-law.com