IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.	1:24-CV-2733-MDB

TEMETRIUS RICHARDSON,

    Plaintiff,

v.

COUNTY OF ELLSWORTH, KANSAS; Trustee as a Non-Governmental Corporation; CITY OF SODDY DAISY, TENNESSEE; Trustee as a Non-Governmental Corporation; COUNTY OF RHEA, TENNESSEE; Trustee as a Non-Governmental Corporation; CITY OF DAYTON, TENNESSEE; Trustee as a Non-Governmental Corporation; COUNTY OF CHEROKEE, GEORGIA; Trustee as a Non-Governmental Corporation; CITY OF SOUTH FULTON, GEORGIA; Trustee as a Non-Governmental Corporation; CITY OF LAWRENCEVILLE, GEORGIA; Trustee as a Non-Governmental Corporation,

    Defendants.

**COUNTY OF ELLSWORTH, KANSAS' RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF 45]**

Defendant, County of Ellsworth ("Ellsworth"), Kansas, appearing separately from the other named Defendants, by and through its attorneys, Marni Nathan Kloster and Timothy Walsh of Nathan Dumm & Mayer, hereby responds to Plaintiff's Motion for Default Judgment [ECF 45] as follows:

**PERTINENT FACTS**

*Complaint*

According to the Court docket, Plaintiff filed an initial pleading entitled "Bill in Equity to Prevent a Multiplicity of Suits" ("Complaint") on or about October 2, 2024. [ECF 1]. On that same date, Plaintiff obtained summons which listed Shelly Vopat (the Clerk), as opposed to Ellsworth itself, as the subject defendant. While Ellsworth was listed as a defendant in the

Complaint, Ms. Vopat was not. Following that, on or about October 16, 2024, Plaintiff filed a document related to Proof of Service, which indicated the Complaint was mailed to Ms. Vopat, but service was not accomplished, and so service would be attempted on Ellsworth's County Attorney instead. [ECF 10].

*Amended Complaint*

On or about October 8, 2024, Plaintiff filed another pleading entitled "Amended Bill in Equity to Prevent a Multiplicity of Suits" ("Amended Complaint"). [ECF 7]. On or about October 16, 2024, Plaintiff obtained summons which listed Paul Kasper, Ellsworth County Attorney, as opposed to Ellsworth itself, as the Defendant. [ECF 8]. Following that, on or about November 5, 2024, Plaintiff filed documents regarding Proof of Service. [ECF 19]. In that filing, it was indicated that a summons was sent to Paul Kasper, Ellsworth County Attorney, via USPS and that a "C Griffith" signed for the mailing. [ECF 19].

*Motion for Default*

On or about December 9, 2024, Plaintiff filed a pleading entitled "Plaintiff's Motion for Default Judgment Against Rhea County, Tennessee, City of South Fulton, Georgia and County of Ellsworth, Kansas" ("Motion"). [ECF 45]. That Motion was not accompanied by an affidavit as referenced in Fed. R. Civ. P. 55(a).

## ARGUMENT

The plaintiff bears the burden of establishing the court has jurisdiction over a defendant, which necessitates proper service or a waiver of service, among other factors. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). According to the Federal Rules of Civil Procedure, in order for a defendant to be subject to the jurisdiction of a court a summons is

2

required to be served, together with a copy of the complaint, in conformance with Rule 4. Fed. R. Civ. P. 4.  According to Rule 4, service is to be performed by someone at least 18 years old and not a party. Fed. R. Civ. P. 4(c).  Further, service on a local government only occurs "by delivering a copy of the summons and of the complaint to its chief executive officer" or "by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2).  As to the second option, as it relates to service on a county in Kansas, Kansas law requires service "on one of the county commissioners, the county clerk or the county treasurer". KS ST 60-304(d)(1).  While the Federal Rules do not permit service by mail, Kansas law permits service through return receipt delivery, but only when such is addressed to the appropriate official.  *Punchard v. State of N.M.*, 69 F.3d 548 (10th Cir. 1995); KS ST 60-304(d).

Assuming the summons Plaintiff issued to individuals were applicable to Ellsworth, in looking at the two methods of service available, as to the first, while Ellsworth does not have a role specifically entitled "chief executive officer", the most applicable role would be the Chairman of the Board of County Commissioners. Plaintiff has filed no document indicating service was ever attempted, let alone effectuated, on that individual.

As to the second method, Plaintiff indicates in ECF 10 that service was attempted on Clerk Vopat, but that such service was not completed[1]. As far as Ellsworth can tell, Plaintiff has submitted nothing indicating he served any County Commissioner or the Treasurer. While Plaintiff

---

[1] Clerk Vopat does not specifically recall receiving the summons and complaint from Plaintiff, but if she did, in October 2024 Clerk Vopat was entrenched in preparing for the upcoming election, a mill levy and was responsible for other duties and so any failure to recognize and/or address a pleading received would have been the result of an inadvertent and excusable mistake or neglect.

indicates he subsequently sent documents to the County Attorney Mr. Kasper (ECF 19), the County Attorney is not an individual upon whom service is proper in Kansas. KS ST 60-304(d)(1).

Even assuming there was valid service, a default judgment is a harsh sanction. *Williams v. Alpine Banks of Colorado*, No. 05-CV-02475-WDM-MEH, 2006 WL 8454621, at *2 (D. Colo. Apr. 7, 2006), report and recommendation adopted, No. 05-CV-02475-WDM-MEH, 2006 WL 8454573 (D. Colo. May 5, 2006) (emphasis added). As such, a party is not entitled to a default judgment as a matter of right. *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (internal quotations omitted). Instead, "[s]trong policies favor resolution of disputes on the merits." *In re Rains,* 946 F.2d 731, 732 (10th Cir. 1991) (citations omitted); see also *Roberts v. Paulson,* 263 F. App'x 745, 748 (10th Cir. 2008) (referencing it is the strong preference for the disposition of litigation on the merits.). "'The Federal Rules of Civil Procedures generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities.**"** *Lawton v. Ctr. Stock Co., LLC*, No. 06-cv-01125-REB-MEH, 2006 WL 8461250, at *1 (D. Colo. Nov. 6, 2006) (internal citation omitted). Consequently, prejudice, the halting of the adversarial process and/or an interminable delay, as well as callous disregard and/or willful failure to comply are factors pertinent to the imposition of a default. *Lawton,* 2006 WL 8461250, at *1; see also *Roberts,* 263 F. App'x at 748; *Ruplinger v. Rains,* 946 F.2d 731, 732-733 (10th Cir. 1991).

Here, Ellsworth sees no evidence that Plaintiff included an affidavit nor that he sought or obtained a default from the clerk pursuant to Fed. R. Civ. P. 55(a) and (b)(1). Plaintiff also does not plead, let alone establish, the existence of prejudice, halting of the adversarial process, callous disregard or a willful failure by Ellsworth.

4

Beyond the foregoing, the Court must still evaluate its subject matter jurisdiction and, in doing so, find there is a sufficient basis in the pleadings for a judgment. *Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010); see also *Tripodi v. Welch,* 810 F.3d 761, 765 (10th Cir. 2016). As set forth in the Motion to Dismiss filed contemporaneously herewith by Ellsworth, Plaintiff's Amended Complaint should be dismissed, thereby preventing the issuance of a judgment.

For the reasons set forth herein, Plaintiff has not established all requirements necessary for a default. Between that fact, as well as the fact that Ellsworth has filed its responsive pleading contemporaneously herewith, Ellsworth respectfully requests the Court deny Plaintiff's request for a default as to it.

WHEREFORE, Defendant, the County of Ellsworth, hereby requests Plaintiff's Motion for Default as it relates to it be denied and that it be provided such and further relief as the Court deems appropriate.

DATED this 23rd day of December, 2024.

*s/Marni Nathan Kloster*
Marni Nathan Kloster
Timoth Walsh
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

    I hereby certify that on this 23rd of December, 2024 a true and correct copy of the foregoing **COUNTY OF ELLSWORTH, KANSAS' RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF 45]** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Keith Harding Grant<br>Robinson Smith & Wells PLLC<br>633 Chestnut Street<br>Suite 700<br>Chattanooga, TN 37450<br>Phone: (423)756-5051<br>Email: kgrant@rswlaw.com | Michael Charles Wathen<br>Ray Lego & Associates<br>10825 East Geddes Avenue<br>Suite 100<br>Centennial, CO 80112<br>Phone: (720)963-7032<br>Email: mwathen@travelers.com |
| Kenneth Paul Robin<br>Melissa A. Klatzkow<br>Jarrard & Davis LLP<br>222 Webb Street<br>Cumming, GA<br>Phone: (678)455-7150<br>Email: krobin@jarrard-davis.com<br>mklatzkow@jarrar-davis.com | Jonathan Swann Taylor<br>Kramer Rayson, LLP<br>800 South Gay Street<br>Suite 2500<br>PO Box 629<br>Knoxville, TN 37901-0629<br>Phone: (865)525-5134<br>Email: jstaylor@krmaer-rayson.com |

    I hereby certify that I have electronically mailed and regular mailed a true and complete copy to the following non CM/ECF participants:

Temetrius Richardson
8585 Criterion Drive, Unit 64182
Colorado Springs, CO 80920
Phone: (314)922-0853

                                              *s/Marni Nathan Kloster*
                                              Marni Nathan Kloster
                                              Timothy Walsh
                                              Attorneys for Defendant
                                              NATHAN DUMM & MAYER P.C.
                                              7900 E. Union Avenue, Suite 600
                                              Denver, CO 80237-2776
                                              Telephone: (303) 691-3737
                                              MNathan@ndm-law.com
                                              twalsh@ndm-law.com