FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:15 am, Jan 03, 2025
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| TEMETRIUS RICHARDSON, | § | |
| Equitable Owner and Beneficiary, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action: 24-cv-2733-RMR-MDB |
| | § | |
| COUNTY OF ELLSWORTH, | § | |
| KANSAS, et al., | § | Non- Negotiable |
| , | § | |
| Defendants. | § | |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RHEA COUNTY, TENNESSEE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS [*sic.*] MOTION TO DIMISS

Comes now plaintiff Temetrius Richardson and objects to DEFENDANT

RHEA COUNTY, TENNESSEE'S MOTION TO DISMISS AND

DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT RHEA

COUNTY, TENNESSEE'S MOTION TO DISMISS for the following:

## I. FACTUAL BACKGROUND

1

1.     On, 10/02/2024, Plaintiff brought this civil action against Defendant Rhea County, Tennessee, hereafter "Rhea County" and other municipal corporations, for multiple violations of Plaintiff's U.S. Constitutional rights.

2.     On 10/08/2024, Plaintiff filed his Amended Complaint (Amended Bill).

3.     On 10/09/2024, Defendant Rhea County was served through Attorney Carol Anne Barron, County Attorney for Rhea County, Tennessee, via U.S. Priority Mail Express, with answer due 10/30/2024.

4.     On 10/16/2024, Plaintiff filed a Notice of Corrections to Clerical Errors in Civil Docket.

5.     On 10/30/2024, Defendant Rhea County, willfully failed to give an answer or otherwise defend.

## II. DISCUSSION WITH CITATIONS AND AUTHORITIES

**A. Defendant Rhea County were properly served pursuant to Federal law and State law.**

1.     Plaintiff served Carol Anne Barron, County Attorney for Rhea County, Tennessee, via US Priority Express Mail.

2.     Plaintiff served Carol Anne Barron, County Attorney for Rhea County, Tennessee, via US Priority Express Mail.

3.      Plaintiff served Defendant Rhea County pursuant to FRCP Rule 4(j)

(2)(B) which states,

> *State or Local Government.* A state, a municipal corporation, or any
> other state-created governmental organization that is subject to suit
> must be served by: (B) serving a copy of each in the manner
> prescribed by that state's law for serving a summons or like process on
> such a defendant.

4.      Defendant Rhea County is a municipal corporation, masquerading as

lawful government.

5.      Plaintiff relies on the State of Tennessee law as a perfect defense for

willfulness in sufficient service of process of defendant Rhea County.  See Tenn.

Rules of Civil Procedure Rule 4.04 (8) and (10) which states,

> (7) **Upon a County**, by delivering a copy of the summons and of the
> complaint to the chief executive officer of the County, or if absent
> from the county, to the county attorney if there is one designated; if
> not, by delivering the copies to the county court clerk. (bold added for
> emphasis)
> (10) **Service by mail of a summons and complaint upon a
> defendant may be made by the plaintiff, the plaintiff's attorney or
> by any person authorized by statute.** (bold added for emphasis)

6.      Defendant Rhea County cannot receive personal service due to their

classification as municipal corporation.

7.     Therefore, due to Plaintiff's reliance on Federal law and State law, service was sufficient, and this Court has personal and subject matter jurisdiction of this civil action.

**B. Plaintiff erred in the Notice of Corrections to Clerical Errors in Civil Docket [ECF 9] and erred in his Amended Complaint [ECF 7].**

8.     In Plaintiff's Amended Complaint [ECF 7], Plaintiff erred by accidentally stating that this civil action was brought under "diversity jurisdiction".

9.     In ECF 9 at 2, Plaintiff erred by accidentally stating that this civil action was brought under "Diversity Jurisdiction".

10.    Upon careful examination, Plaintiff realizes that "Federal Question Jurisdiction" is the most appropriate jurisdiction in adjudicating this suit.

**C. Federal Question Jurisdiction is the appropriate jurisdiction for this suit because this Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.**

11.    Plaintiff's claims arise under the Constitution and Supreme Court Landmark Decisions. See ECF 7 at page 68-69.

12.    Plaintiff's intent is to bring this civil action against Defendant Rhea County for claims arising under the U.S. Constitution. See ECF 7 at page 1-69.

13.   28 USC 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

14.   This Federal Court has Equity Jurisdiction merged with Law which is known as the "Civil Action".

15.   Plaintiff lives in the State of Colorado.

16.   Therefore, this U. S. District Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 - Federal Question.

**D. Defendant Rhea County failed to answer plaintiff's Amended Complaint in violation of FRCP.**

17.   Defendant's Motion to Dismiss fails to admit or deny the allegations asserted, see Fed. R. Civ. P. 8.(b)(B)(6).

18.   Defendant's Motion to Dismiss fails to **answer** Plaintiff's AMENDED BILL IN EQUITY TO PREVENT A MULTIPLICITY OF SUITS and fails to state defenses to each and every claim asserted against it.

19.   Defendant's MOTION TO DISMISS fails to "admit" or "deny", pursuant to Fed. R. Civ. P. 8(b)(B)(6), and therefore confesses to each and every one of plaintiff's allegations.

20.     Defendants' failure to admit or deny violates Federal Rules of Civil

Procedure, Rule 8 and Rule 12.

21.     Filing an answer to plaintiff's bill is paramount and conditions

precedent.

22.     The Federal Rules of Civil Procedure clearly and concisely explains

how defenses are to be set up by the defendants.

23.     Defendant Rhea County has willfully failed to obey the Federal Civil

Rules of Procedure which governs this Court.

> FRCP Rule 8. General Rules of Pleading (b) Defenses; Admissions
> and Denials. (1) In General. In responding to a pleading, a party must:
> **(A) state in short and plain terms its defenses to each claim
> asserted against it; and (B) admit or deny the allegations asserted
> against it by an opposing party. (2) Denials—Responding to the
> Substance. A denial must fairly respond to the substance of the
> allegation.** [Bold added for emphasis.]

24.     Defendant's Motion to Dismiss avoids each and every allegation,

lacks defenses against each and every claim, and evades admitting or denying each

and every allegation.

25.     Defendant Rhea County's pleadings therefore violates the Federal

Rules of Civil Procedure Rule 8(b).

> FRCP Rule 8. General Rules of Pleading (b) Defenses; Admissions
> and Denials. **(4) Denying Part of an Allegation. A party that**

**intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest. (5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial. (6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—<u>is admitted if a responsive pleading is required and the allegation is not denied</u>. If a responsive pleading is not required, an allegation is considered denied or avoided**. [Bold added for emphasis.]

26.    As stated in the summons received by the Clerk, an answer was required by the defendant within 21 days from the date of service; however, the defendants' response lacked all necessary elements of an answer.

> FRCP Rule 12. (a) Time to Serve a Responsive Pleading. (1) In General. (A) A defendant must serve an answer: (I) within 21 days after being served with the summons and complaint.

**E. Defendant's motion to dismiss fails to be sworn to under penalty of perjury.**

27.    "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." See Trinsey v. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964).

28.    Defendants' Motion to Dismiss seeks to avoid the real issues in plaintiff's pleadings and fails to admit or deny plaintiff's complaint.

### III. BINDING OF JUDGE

In the best interest of justice, .richardson, :temetrius-deonte:, binds Judge Maritza Dominguez Braswell and Regina M. Rodriguez by Article VI Clause II of the Constitution of the United States, by their oath to support said Constitution. We charge Judge Maritza Dominguez Braswell and Regina M. Rodriguez with the duty to administer justice fairly and impartially. Further, i accept said oaths and demand specific performance. The beneficiary's interest cannot be recognized at law, only in equity. **Adequate relief cannot be obtained at law.**

### IV. RELIEF SOUGHT

Wherefore plaintiff prays the court grant the following equitable relief:

1. Deny Defendants' Motion to Dismiss for failure to give an answer pursuant to FRCP Rules 8 and 12;

2. That this Court exercise equity and good conscience in adjudicating this civil action;

3. Grant a Default Judgment in favor of plaintiff, for defendant Rhea County's failure to answer [admit or deny] plaintiff's bill, or in the alternative direct the defendant to file an answer to plaintiff's Amended Complaint;

4. That all deposits of plaintiff's securities whether payment tangibles or payment intangibles held by defendant Rhea County be redeemed in lawful money; as this claim is proof there is no presumption of abandonment;

5. That the Court finds that plaintiff is the real owner of all escheated securities regarding accounts dealt in or traded by defendant bearing plaintiff's name.

6. If the Court finds that the plaintiff's Amended Complaint is defective or confusing pertaining to jurisdictional issues, plaintiff requests leave of court to amend his bill to remove all confusion and give clarity, after all defendants have responded or otherwise answered his Amended Complaint;

7. Give directions to enjoin the United States as a party plaintiff to hold the Defendants accountable for their violations of constitutional rights against other persons within the jurisdiction of Rhea County, Tennessee;

8. Suspend the Defendant's federal funding until the final disposition of this case.;

9. Grant plaintiff an extension of time, within a timely manner, to perfect service of process in the unlikely event that the Court deems service of process insufficient;

10. Impose sanctions against the defendant for tits willful failure to adhere to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure;

11. Grant such further and other equitable relief as the Court may deem just and proper.

i, .richardson: temetrius-deonte, beneficiary, affirm under penalty of perjury under the laws of The United States of America that the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY RHEA COUNTY, TENNESSEE is true and correct to my personal knowledge and belief. Executed with clean hands and good faith on this 2nd day of January 2025.

<div style="margin-left: 40%;">

/s/.richardson, :temetrius-deonte:
beneficiary of TEMETRIUS
DEONTE RICHARDSON
8585 Criterion Drive Unit 64182
Colorado Springs, Colorado 80920
Phone: (314) 922-0853
Email: term1980@yahoo.com

</div>

## CERTIFICATE OF SERVICE

On this 2nd day of January 2025, i, richardson: temetrius-deonte, certify that the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT RHEA COUNTY, TENNESSEE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS [*sic.*] MOTION TO DIMISS were deposited via Electronic mail to the Clerk of Court, in THE UNITED STATES DISTRICT COURT DISTRICT OF COLORADO 901 Nineteenth Street, Denver, Colorado 80294, and served via Electronic mail to the following:

Jonathan Swann Taylor, BPR#025094
800 South Gay Street, Suite 2500
PO Box 629
Knoxville, Tennessee 37901-0629
Phone: (865) 522-5134
Fax: (865) 522-5723
Email: jstaylor@kramer-rayson.com

*Counsel for defendant Rhea County, TN*

/s/.richardson, :temetrius-deonte: