IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    1:24-CV-2733-RMR-MDB

TEMETRIUS RICHARDSON,

    Plaintiff,

v.

COUNTY OF ELLSWORTH, KANSAS; Trustee as a Non-Governmental Corporation; CITY OF SODDY DAISY, TENNESSEE; Trustee as a Non-Governmental Corporation; COUNTY OF RHEA, TENNESSEE; Trustee as a Non-Governmental Corporation; CITY OF DAYTON, TENNESSEE; Trustee as a Non-Governmental Corporation; COUNTY OF CHEROKEE, GEORGIA; Trustee as a Non-Governmental Corporation; CITY OF SOUTH FULTON, GEORGIA; Trustee as a Non-Governmental Corporation; CITY OF LAWRENCEVILLE, GEORGIA; Trustee as a Non-Governmental Corporation,

    Defendants.

## DEFENDANT COUNTY OF ELLSWORTH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR HEARING IN CHAMBERS ON DEFENDANT COUNTY OF ELLSWORTH, KANSAS' MOTION TO DISMISS [ECF 81]

Defendant, County Of Ellsworth, Kansas ("Ellsworth County"), by and through its attorneys Marni Nathan Kloster and Timothy Walsh of Nathan Dumm & Mayer P. C., without waiving or consenting to jurisdiction, hereby submits its Response in Opposition to Plaintiff's Motion for Hearing in Chambers on Defendant County of Ellsworth, Kansas' Motion to Dismiss [ECF 81], and in support of its position, states and alleges as follows:

Plaintiff's Motion should be denied for several reasons. First, "[t]he Court must apply the same standard to counsel licensed to practice law and to a *pro-se* party." *Shell v. Am. Family Rights Ass'n*, 899 F. Supp. 2d 1036 at n. 3 (D. Colo. 2012). Courts in this District, and across the country, routinely rule on motions, including motions to dismiss, based on the pleadings filed by

the parties without the need for oral argument. Consequently, Plaintiff is not entitled to any special process or the deviation of standard Court practice.

Second, in further support of the first proposition, the rules specifically provide that "[a] motion may be decided without oral argument at the discretion of the court." D.C. Colo. LCivR 7.1(h). The rule further highlights that the Court may rule upon a motion at any time after it is filed. D.C. Colo. LCivR 7.1(d).

Here, Ellsworth County has fully briefed its Motion and provided to the Court the pertinent information favoring dismissal. [ECF 72 & 96]. Likewise, Plaintiff has advised the Court as to the basis for his opposition. [ECFs 77 & 82]. Plaintiff's current Motion appears to do nothing more than attempt to restate his already alleged erroneous assumption that he is entitled to an answer at this time. [ECF 77, ¶27 & ECF 82, ¶26]. In doing so, Plaintiff ignores that it is well settled law that Ellsworth County need not file an answer at this stage in litigation. *E.g. Poletto v. Battaglino*, No. 23-1256, 2024 WL 1757316, at *5 (10th Cir. Apr. 24, 2024) (holding "defendants may file a motion to dismiss under Rule 12(b) in lieu of an answer"); see also Fed. R. Civ. P. 12(a)(4)(A) (serving a Rule 12 motion delays time to file a responsive pleading until 14 days after notice that the court has denied the motion).

Third, Plaintiff's Motion is devoid of any explanation as to why oral argument is warranted nor does he specifically advise as to what new information would be provided to the Court at oral argument that was not and could not have been provided in his two Responses already filed. As such, holding oral argument would be a waste of the Court and parties' time and resources.

Fourth, pursuant to D.C. Colo. LCivR 7.1(a), as well as certain Court Practice Standards, Braswell Practice Standards, §V(1), Plaintiff had a duty to confer prior to filing his Motion and to advise of that conferral in his Motion. Plaintiff did not confer nor does his Motion note such occurred[1]. As such, his Motion violates the Rules and Court requirements.

To the extent that this Court finds in its own discretion that oral argument would be beneficial and chooses to grant Plaintiff's Motion, the hearing should occur in open court, rather than in Chambers, as requested by Plaintiff. D.C. Colo. LCivR 7.2(a). Further, should this Court grant Plaintiff's Motion, Ellsworth County's attorneys will appear either in person or via video conference as the Court prefers and Ellsworth County does not oppose any request by any other party to appear via video conference.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Hearing in Chambers on Defendant County of Ellsworth, Kansas' Motion to Dismiss is unsupported and should be denied.

DATED this 13th of January, 2025.

> s/Marni Nathan Kloster
> Marni Nathan Kloster
> Timothy Walsh
> NATHAN DUMM & MAYER P. C.
> 7900 E. Union Avenue, Suite 600
> Denver, CO 80237-2776
> Telephone: (303) 691-3737
> Facsimile: (303) 757-5106
> ATTORNEYS FOR DEFENDANT

---

[1] Plaintiff emailed a copy of his Motion to the undersigned counsel, but not in any apparent attempt to confer. Rather, Plaintiff's email advised that the pleading had already been filed with the Court.

## CERTIFICATE OF SERVICE

I hereby certify that on 13th day of January, 2025 a true and correct copy of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR HEARING IN CHAMBERS ON DEFENDANT COUNTY OF ELLSWORTH, KANSAS' MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Harding Grant
Robinson Smith & Wells PLLC
633 Chestnut Street
Suite 700
Chattanooga, TN 37450
Phone: (423)756-5051
Email: kgrant@rswlaw.com

Kenneth Paul Robin
Melissa A. Klatzkow
Jarrard & Davis LLP
222 Webb Street
Cumming, GA
Phone: (678)455-7150
Email: krobin@jarrard-davis.com
mklatzkow@jarrar-davis.com

Michael Charles Wathen
Ray Lego & Associates
10825 East Geddes Avenue
Suite 100
Centennial, CO 80112
Phone: (720)963-7032
Email: mwathen@travelers.com

Jonathan Swann Taylor
Kramer Rayson, LLP
800 South Gay Street
Suite 2500
PO Box 629
Knoxville, TN 37901-0629
Phone: (865)525-5134
Email: jstaylor@krmaer-rayson.com

I hereby certify that I have electronically emailed and regularly mailed a true and complete copy to the following non CM/ECF participants:

Temetrius Richardson
8585 Criterion Drive, Unit 64182
Colorado Springs, CO 80920
Phone: (314)922-0853
.

                                        *s/Marni Nathan Kloster*
                                        Marni Nathan Kloster
                                        Timothy Walsh
                                        Attorneys for Defendant
                                        NATHAN DUMM & MAYER P.C.
                                        7900 E. Union Avenue, Suite 600
                                        Denver, CO 80237-2776
                                        Telephone: (303) 691-3737
                                        Facsimile: (303) 757-5106
                                        MNathan@ndm-law.com
                                        twalsh@ndm-law.com