IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| Temetrius Richardson | ) | |
| | ) | |
| Plaintiff | ) | No. 24-cv-2733-MDB |
| v. | ) | |
| | ) | |
| Count of Ellsworth, Kansas, et al. | ) | |
| | ) | |
| Defendants | ) | |

**JOINT MOTION OF DEFENDANTS TO STAY FURTHER PROCEEDINGS PENDING RESOLUTION OF ALL MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

Come all Defendants, jointly, and respectfully request that this Honorable Court stay further proceedings in this matter, including discovery, pending resolution of all currently pending motions to dismiss.

As grounds, Defendants respectfully submit that (1) they are likely to prevail on the merits of their respective motions to dismiss, and (2) discovery would not alter the relevant analysis.

**I.    BACKGROUND**

Plaintiff in this action has brought claims against various governmental entities, none of which are located in the State of Colorado. Further, from the Amended Complaint, it appears that Plaintiff's allegations involve actions that occurred within the state in which those respective entities exist (i.e., claims against the City of Soddy-Daisy, Tennessee are for events that allegedly occurred in Soddy-Daisy, Tennessee, claims against the City of Lawrenceville, Georgia arise from events that allegedly occurred in Lawrenceville, Georgia, etc.).

## II. LAW AND ANALYSIS

Although the Federal Rules of Civil Procedure do not expressly address a stay of discovery, Rule 26(c) permits the Court to "issue an order to protect a party … from … undue burden or expense." Fed. R. Civ. P. 26(c). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North America Co., 299 U.S. 248, 254 (1936). Moreover, "[t]he discretion to stay discovery pending the resolution of a dispositive motion provides 'an eminently logical means' of efficient case management because it can 'prevent wasting the time and effort of all concerned, and [encourage] the most efficient use of judicial resources.' Kulp Mins., LLC v. Apache Corp., No. 2:23-408 KG/KRS, 2024 WL 4063493, at *2 (D.N.M. Sept. 5, 2024) (quoting Nardo v. Homeadvisor, Inc., No. 21-cv-01709-RM-KLM, 2022 WL 1198995, at *2 (D. Colo. Jan. 4, 2022)).

In deciding whether to grant a stay of discovery, courts generally consider five factors: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." String Cheese Incident, LLC v. Stylus Shows, Inc., No. 02-cv-01934-WYD, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Significantly, Courts in this Circuit are "more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues." PopSockets LLC v. Online King LLC, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019) (citing Burkitt v. Pomeroy, No. 15-CV-02386-MSK-

KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."). Since the String Cheese Incident case, Courts in this Circuit have routinely stayed discovery, at least temporarily, in cases where dispositive motions were filed which were based upon a lack of jurisdiction. See Popsockets LLC, 2019 WL 5101399, at *4; Morrill v. Stefani, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017); Sallie v. Spanish Basketball Fed'n, No. 12-CV-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013).

Here, each of the five String Cheese Incident factors support a stay.

**1. Prejudice to Plaintiff.**

Although plaintiffs generally possess an interest in proceeding to the merits of their case, in this instance Mr. Richardson's interests and potential prejudice weigh in favor of granting a temporary stay of discovery. As noted above, none of the facts complained of in the Amended Complaint occurred in Colorado and all Defendants are governmental entities located outside of Colorado, and outside of the jurisdiction of Colorado. Thus, while a stay will delay the proceedings, including discovery, the jurisdictional issues need to be addressed before the case can move forward. Morever, while the relief that Plaintiff seeks is not entirely clear, Plaintiff appears to primarily request equitable relief. Thereby, the Plaintiff does not appear to allege some ongoing hardship, financial or otherwise, that would amount to prejudice. Further, as Plaintiff does not appear to be located in any of the Defendants' respective jurisdictions, any injunctive relief would not be time sensitive.

Lastly, Defendants would note that their motions have been fully briefed, with Plaintiff having filed a response to the motions. Thus, any stay while the Court decides the motions would be relatively short.

### 2. Burden on Defendants.

This factor weighs heavily in favor of staying this matter. The burden on Defendants of proceeding with discovery while threshold jurisdictional issues are being decided is significant. Forcing the Defendants to engage in discovery while this motion is pending, even if Defendants' burden in answering discovery is not out of the ordinary, will undoubtedly result in undue burden or expense if the motions to dismiss are later granted. See PopSockets, 2019 WL 5101399, at *3 (holding second String Cheese Incident factor weighed in favor of stay even when burden of discovery was not out of the ordinary).

Not only will the granting of Defendants' motions prevent needless discovery, it would prevent needless filing of discovery motions in this Court, and thus prevent these Defendants from having to engage in motion practice in a jurisdiction that, in some cases, is over a thousand miles from the Defendant's location. Indeed, Defendants are undoubtedly prejudiced if forced to engage in discovery where the court eventually grants their motion to dismiss. See String Cheese Incident, 2006 WL 894955, at *2 ("defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss"); see also Sgaggio v. Diaz, No. 22-cv-02043-PAB-MDB, 2023 WL 22188, at * 5 (D. Colo. Jan. 3, 2023) ("the Court finds the second factor does support the imposition of a brief stay pending resolution of Defendants' motion to dismiss, because of the apparent strength of the pending motion (which the Court only preliminarily assesses) and the fact that Defendants'

motion could be entirely dispositive"); Chung v. Lamb, No. 14-cv-03244- WYD-KLM, 2015 LEXIS 144298, at *2 (D. Colo. Oct. 23, 2015) ("[d]efendants are correct that proceeding could be wasteful if the Senior Judge grants the [m]otion to [d]ismiss… [t]he Court therefore finds that the second String Cheese Incident factor weighs in favor of staying discovery").

Defendants will be subjected to significant burden, both financial and otherwise, if discovery is not stayed, much of which may ultimately be for naught if even some of the motions to dismiss are granted, in whole or in part. Therefore, Defendants submit the second String Cheese Incident factor weighs in favor of a stay.

**3. Convenience to the Court.**

The third String Cheese Incident factor also favors a stay. "The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery … where, as here, a dispositive motion is pending." Grosvenor v. Quest Communications Intern., Inc., No. 09–cv–02848–WDM–KMT, 2010 WL 1413108, at *2 (D. Colo. Apr. 1, 2010). "Additionally, to the extent some or all Defendants are eventually dismissed, the Court's work in adjudicating disputes or handling other pretrial matters could be a waste of judicial resources." Ratcliff v. Brown, No. 3–cv–00605–RM–MDB, 2023 WL 6314566, at *4 (D. Colo. Sept. 28, 2023). Indeed, "it is certainly more convenient for the Court to stay discovery in the matter until it is clear which claims, if any, will proceed against which Defendant." Lucero v. City of Aurora, No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, at *9 (D. Colo. Sept. 13, 2023).

Again, as discussed above, Courts in this Circuit are more likely to impose a stay while dispositive motions which bear upon jurisdiction are pending. The Defendants respectfully

suggest this Court's interest would likewise be served by a stay in this case, including avoiding discovery disputes that might not ultimately be relevant to the action.

   **4. Interests of non-parties.**

Should discovery occur, it is anticipated that depositions of non-parties may be necessary, including depositions of employees of the entities involved. Subjecting these non-parties to depositions in a case that seems likely to be dismissed on jurisdictional grounds would be a waste of their time, and may result in significant logistical issues given the location of Plaintiff. For instance, will Plaintiff demand that depositions occur in the forum in which the lawsuit is pending? If so, such would be a considerable burden on those witnesses, as well as on the Defendants.

These non-parties would unnecessarily be burdened if discovery were to proceed, only for the matter or the relevant claim necessitating their deposition to be dismissed. See Ratcliff, 2023 WL 6314566, at *5 ("[i]f the pending motions to dismiss are successful, they could dispose of the case entirely or at least meaningfully narrow the claims and parties. If that happens, non-party witnesses will have been burdened with discovery unnecessarily"); Serna v. City of Colo. Springs, No. 23-cv-00128-DDD-MDB, 2023 WL 5017259, at *5 (D. Colo. Aug. 7, 2023) (holding that the fourth String Cheese factor supports a stay when "non-parties would be unduly burdened by discovery if the matter were to proceed, only for it to be later dismissed for lack of subject matter jurisdiction or otherwise"). Accordingly, the interests of non-parties factor also favors a temporary stay of discovery, pending resolution of the motions to dismiss.

**5. The public interest.**

The public "has an interest in the appropriate allocation of judicial resources and the prioritization of matters," and "the efficient and just resolution" of cases Sgaggio, 2023 WL 22188, at * 6; Ratcliff, 2023 WL 6314566, at *5. "'Avoiding wasteful efforts by the court and the litigants serves that purpose.'" Id. (quoting Woodson v. Armor Corr. Health Servs., Inc., No. 20-cv- 00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. Jul. 17, 2020)).

Proceeding with discovery now, only to have the case entirely dismissed or substantially narrowed later would cause public funds to "be unnecessarily tapped three times: once in connection with the defense of the suit, once in connection with the expenditure of judicial resources, and once in connection with the participation of non-party witnesses employed by public entities." Ratcliff, 2023 WL 6314566, at *5. The best way to avoid wasteful efforts by the Court and the litigants is to stay discovery pending resolution of the motions to dismiss. Id; See also Serna, 2023 WL 5017259, at *5 (holding that the fifth String Cheese Incident factor weighed in favor of a stay because "[a] stay would promote the efficient and just resolution of the claims because the forthcoming motion could dispose of the entire case or … narrow the twenty-four count complaint"). Therefore, the public interest factor also favors a temporary stay of discovery.

**III. CONCLUSION**

Here, each of the five String Cheese Incident factors support a stay. Thus, to avoid wasting resources, the Defendants respectfully request that this Court enter an order granting a temporary stay of discovery pending resolution of Defendants' motions to dismiss. Further, Defendants would show this is their first motion for stay.

## NOTICE AND CERTIFICATION

Undersigned counsel hereby gives notice and certifies that prior to filing this motion and supporting memorandum, Timothy Walsh, counsel for Defendant, County of Ellsworth, conferred with Plaintiff telephonically regarding whether he opposed this motion for stay. Plaintiff advised that he <u>does</u> oppose the motion.

Respectfully submitted,

**ROBINSON, SMITH & WELLS, PLLC**
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone:    (423) 756-5051
Facsimile:    (423) 266-0474

By:    *s/Keith H. Grant*
       Keith H. Grant
       kgrant@rswlaw.com
       *Attorney for Defendants,*
       *City of Soddy-Daisy, Tennessee and*
       *City of Dayton, Tennessee*

NATHAN DUMM & MAYER P.C.

By:    *s/Timothy Walsh*
       Marni Nathan Kloster, Attorney
       Timothy Walsh, Attorney
       7900 E. Union Ave, Suite 600
       Denver, Co 80237-2776
       *Attorneys for Defendant County of*
       *Ellsworth*

KRAMER RAYSON LLP

By:    *s/Jonathan Taylor*
       Jonathan Swann Taylor
       P.O. Box 629
       Knoxville, TN 37901-0629

                          jstaylor@kramer-rayson.com
                          *Counsel for Defendant*
                          *Rhea County, TN*

By:   *s/Michael Wathen*
        Michael C. Wathen, Attorney
        10825 E. Geddes Ave, Suite 100
        Centennial, Colorado 80112
        mwathen@travelers.com
        *Attorney for Defendant City of Lawrenceville*

JARRARD & DAVIS, LLP

By:   *s/Kenneth Robin*
        Kenneth Paul Robin, Attorney
        Melissa A. Klatzkow, Attorney
        222 Webb Street
        Cumming, GA 30040
        krobin@jarrard-davis.com
        Mklatzkow@jarrard-davis.com
        *Attorneys for Defendant Cherokee County, Georgia*

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing pleading was filed electronically on February 19, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and electronic mail at the addresses below. Parties may access this filing through the Court's electronic filing system.

                          Robinson, Smith & Wells, PLLC

                          By:   s/  *Keith H. Grant*

cc:    Temetrius Deonte Richardson
        c/o 8585 Criterion Drive Unit 64182
        Colorado Springs, Colorado 80920
        term1980@yahoo.com